# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Lee D. Vartan
(212) 513-3513
lee.vartan@hklaw.com

June 5, 2015

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  ***U.S. v. Davidson***, **15 CR 252 (RJD)**
**Satisfaction of Conditions of Bond**

To the Clerk of Court for the Eastern District of New York:

We represent Aaron Davidson in the above-captioned action.  On May 29, 2015, Mr. Davidson was arraigned before Magistrate Judge Pollak, and Her Honor entered an Order Setting Conditions of Release and Bond ("Order"), located at Docket Nos. 8 (filed under seal) and 9 (redacted version of the Order), setting certain conditions for Mr. Davidson's release.

These conditions required Mr. Davidson to perfect liens in favor of the United States of America on three specified properties.  The conditions further required Mr. Davidson to preserve without dissipation or hypothecation at least $125,000 in invested assets.[1]

By this letter, and on behalf of Mr. Davidson, we provide the Court with the following documents in satisfaction of the conditions set forth in the Order, redacted to protect the private addresses of individuals:

1. A copy of the mortgage in favor of the United States of America on the Texas real property specified in Section 6 of the Order, as recorded (attached hereto as **Exhibit 1**);

---

[1] The Order identifies the assets to be preserved as "held in an account w/ the American Funds."  However, on the record at the arraignment and bail hearing, it was stated that Mr. Davidson had not had the opportunity to determine which of several accounts and investments managed by his financial advisors contained funds sufficient to meet the $125,000 threshold, and that Mr. Davidson would correctly identify the assets to be preserved upon opportunity to correspond with his financial advisors.

Anchorage | Atlanta | Austin | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami
New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach
Bogotá | Mexico City

2. A copy of the mortgage in favor of the United States of America on the Florida real property owned by Ana and Jaime Davidson specified in Section 6 of the Order, as submitted for recording, and including the recording clerk's receipt (attached hereto as **Exhibit 2**);

3. A copy of the mortgage in favor of the United States of America on the Florida real property owned by Aaron Davidson and Michelle Dryjansky specified in Section 6 of the Order, as submitted for recording, and including the recording clerk's receipt (attached hereto as **Exhibit 3**); and

4. A letter from Royal Alliance Associates, Inc., at which Mr. Davidson maintains a brokerage account, identifying assets adequate to satisfy the requirement that Mr. Davidson preserve without dissipation or hypothecation at least $125,000 that will be liquidated and transferred into a money market account with Royal Alliance (attached hereto as **Exhibit 4**).

Assistant United States Attorney Darren LaVerne has reviewed the Exhibits attached to this letter in unredacted form, and has agreed that they are sufficient to meet Mr. Davidson's obligations under the Order from the vantage of the Government.

Sincerely,

HOLLAND & KNIGHT LLP

By: Lee Vartan
31 West 52nd Street
New York, New York 10019

*Attorneys for the Defendant*
*Aaron Davidson*

cc: The Honorable Raymond J. Dearie
Assistant United States Attorney Darren LaVerne

Exhibit 1



## DEED OF TRUST

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

THE STATE OF TEXAS §
§KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF DALLAS §

THAT THE UNDERSIGNED, JAIME A DAVIDSON, AND WIFE, ANA DAVIDSON, (collectively, the "Grantors"), for the purpose of securing the indebtedness hereinafter described, and in consideration of the sum of TEN DOLLARS ($10.00) to us in hand paid by the Trustee hereinafter named, the receipt of which is hereby acknowledged, and for the further consideration of the uses, purposes and trusts hereinafter set forth, have granted, sold and conveyed, and by these presents do grant, sell and convey unto, M. MATTHEW FONTANE, ESQ. (the "Trustee"), whose address is Holland and Knight, 200 Crescent Court, Suite 1600, Dallas, Texas, 75201, and his substitutes or successors, all of the property described as follows to wit:

████████████████████████████████████████████████, AN ADDITION TO THE CITY OF DALLAS IN DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN ███████████████ MAP RECORDS, DALLAS COUNTY, TEXAS.

TO HAVE AND TO HOLD the above described property, together with the rights, privileges and appurtenances thereto belonging unto the said Trustee, and to his substitutes or successors forever. And Grantors do hereby bind themselves, their heirs, executors, administrators and assigns to warrant and forever defend the said premises unto the said Trustee, his substitute or successors and assigns forever, against the claim, or claims, of all persons claiming or to claim the same or any part thereof.

This conveyance, however, is made in Trust to secure payment of a personal bond for Aaron Davidson (the "Defendant") in Case No.: 1:15-cr-00252-RJD, before the United States District Court for the Eastern District of New York (the "Court"), in the amount of FIVE MILLION AND 00/100 DOLLARS ($5,000,000.00) in favor of THE UNITED STATES OF AMERICA (the "Beneficiary"), and to secure due observance and performance of the obligations, terms and conditions set forth in that certain Order Setting Conditions of Release and Bond dated May 29, 2015 executed by the Defendant and the Grantors and filed with the Court (the "Order"), and to further secure the performance of all other covenants and agreements of or by the Defendant and the Grantors herein for the benefit of Beneficiary, which may now

exist or hereafter accrue.

Grantors covenant and agree as follows:

That they are lawfully seized of said property, and have the right to convey the same; that said property is free from all liens and encumbrances, except as herein provided.

To protect the title and possession of said property and to pay when due all taxes and assessments now existing or hereafter levied or assessed upon said property, or the interest therein created by this Deed of Trust, and to preserve and maintain the lien hereby created as a first and prior lien on said property including any improvements hereafter made a part of the realty.

To keep the improvements on said property in good repair and condition, and not to permit or commit any waste thereof; to keep said buildings occupied so as not to impair the insurance carried thereon.

To insure and keep insured all improvements now or hereafter created upon said property against loss or damage by fire and windstorm, and any other hazard or hazards as is customary for the property and premises or as may be required from time to time by Beneficiary and, if requested by Beneficiary, to deliver to Beneficiary the policies of such insurance having attached to said policies such mortgage indemnity clause as Beneficiary shall direct; and any proceeds shall, at the direction of Beneficiary, be delivered to Beneficiary or Beneficiary may permit Grantors to use said proceeds to repair or replace all improvements damaged or destroyed and covered by said policy.

That in the event Grantors shall fail to keep the improvements on the property hereby conveyed in good repair and condition, or to pay promptly when due all taxes and assessments, as aforesaid, or to preserve the prior lien of this Deed of Trust on said property, or to keep the buildings and improvements insured, as aforesaid, or to deliver the policy, or policies, of insurance or the renewal thereof to Beneficiary, as aforesaid, then Beneficiary may, at its option, but without being required to do so, make such repairs, pay such taxes and assessments, purchase any tax title thereon, remove any prior liens, and prosecute or defend any suits in relation to the preservation of the prior lien of this Deed of Trust on said property, or insure and keep insured the improvements thereon in an amount not to exceed that above stipulated; that any sums which may be so paid out by Beneficiary and all sums paid for insurance premiums, as aforesaid, including the costs, expenses and attorney's fees paid in any suit affecting said property when necessary to protect the lien hereof shall be deemed a part of the debt hereby secured and recoverable as such in all respects.

That in the event of default in the terms and conditions of the Order of a breach of any of the covenants herein contained to be performed by Grantors or Defendant, it shall thereupon, or at any time thereafter, be the duty of the Trustee, or his successor or substitute as hereinafter provided, at the request of Beneficiary in accordance with, and only upon, an order of the Court, to enforce this Deed of Trust; and after advertising the time, place and terms of the sale of the above described and conveyed property, then subject to the lien hereof, and mailing and filing notices, as required by section 51.002, Texas Property Code, as then amended (successor to

article 3810, Texas Revised Civil Statutes), and otherwise complying with that statute and/or other applicable law, the Trustee shall sell the above described property, then subject to the lien hereof, at public auction in accordance with such notices on the first Tuesday in any month between the hours of ten o'clock A.M. and four o'clock P.M., to the highest bidder for cash, selling all of the property as an entirety or in such parcels as the Trustee acting may elect, and make due conveyance to the Purchaser or Purchasers, with general warranty binding Grantors, their heirs and assigns; and out of the money arising from such sale, the Trustee acting shall pay first, all the expenses of advertising the sale and making the conveyance, including a commission of five percent (5%) to himself, which commission shall be due and owing by Grantors, and then to Beneficiary the full amount of principal, interest, attorney's fees and other charges due and unpaid under the Order and all other indebtedness secured hereby, rendering the balance of the sales price, if any, to Grantors, their heirs or assigns; and the recitals in the conveyance to Purchaser or Purchasers shall be full and conclusive evidence of the truth of the matter therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against Grantors, their heirs and assigns.

It is agreed that in the event a foreclosure hereunder should be commenced by the Trustee, or his substitute or successor, Beneficiary may at any time before the sale of said property direct the said Trustee to abandon the sale.

Beneficiary, if he is the highest bidder, shall have the right to purchase at any sale of the property, and to have the amount for which such property is sold credited on the debt then owing.

Beneficiary in any event is hereby authorized to appoint a substitute trustee, to act instead of the Trustee named herein without other formality than the designation in writing of a substitute or successor trustee; and the authority hereby conferred shall extend to the appointment of other successor and substitute trustees successively until the indebtedness hereby secured has been paid in full, or until said property is sold hereunder, and each substitute trustee shall succeed to all of the rights and powers of the original trustee named herein.

In the event any sale is made of the above described property, or any portion thereof, under the terms of this Deed of Trust, Grantors, their heirs and assigns, shall forthwith upon the making of such sale surrender and deliver possession of the property so sold to the Purchasers at such sale, and in the event of their failure to do so they shall thereupon from and after the making such sale be and continue as tenants at will of such Purchaser, and in the event of their failure to surrender possession of said property upon demand, the Purchaser, his heirs or assigns, shall be entitled to institute and maintain an action for forcible detainer of said property in the Justice of the Peace Court in the Justice Precinct in which such property, or any part thereof, is situated.

It is further agreed that if Grantors, their heirs or assigns, while the owner of the hereinabove described property, should commit an act of bankruptcy, or authorize the filing of a voluntary petition in bankruptcy, or should an act of bankruptcy be committed and involuntary proceedings instituted or threatened, or should the property hereinabove described be taken over by a Receiver for Grantors, their heirs or assigns, at the option of Beneficiary, the acting Trustee may then proceed to sell the same under the provisions of this Deed of Trust.

As further security for the payment of the hereinabove described indebtedness, Grantors hereby transfer, assign, and convey unto Beneficiary all rents issuing or to hereafter issue from said real property, and in the event of default in the terms and conditions of the Order of a breach of any of the covenants herein contained to be performed by Grantors or Defendant, Beneficiary, its agent or representative, is hereby authorized, at its option, to collect said rents, or if such property is vacant to rent the same, and collect the rents, and apply the same, less the reasonable costs and expenses of collection thereof, to the payment of said lien without altering or affecting the priority of the lien created by this Deed of Trust in favor of any junior indebtedness, whether then matured or to mature in the future, and in such manner as Beneficiary may elect. The collection of said rents by Beneficiary shall not constitute a waiver of its rights to proceed with the enforcement of this Deed of Trust.

It is agreed that that any part of the above described property may be released from this lien without altering or affecting the priority of the lien created by this Deed of Trust in favor of any junior encumbrancer, mortgagee or purchaser, or any persons acquiring an interest in the property hereby conveyed, or any part thereof; it being the intention of the parties hereto to preserve this lien on the property herein described and all improvements thereon, and that may be hereafter constructed thereon, first and superior to any liens that may be placed thereon, or that may be fixed, given or imposed by law thereon after the execution of this instrument notwithstanding any such extension of the time of payment, or the release of a portion of said property from this lien.

Beneficiary shall be entitled to receive any and all sums which may become payable to Grantors for the condemnation of the hereinabove described real property, or any part thereof, for public or quasi-public use, or by virtue of private sale in lieu thereof, and any sums which may be awarded or become payable to Grantors for damages caused by public works or construction on or near the said property. All such sums are hereby assigned to Beneficiary, who may direct such proceeds to be delivered to Beneficiary to be held in a non-interest bearing escrow account until either (A) the personal band has been discharged by the Court, whereupon, and only upon an order of the Court, the Beneficiary shall deliver said proceeds to Grantors, or, if the Defendant or Grantors fail to observe the Order and is defaulted by a judicial officer of the Court, the proceeds shall be disbursed for the benefit of the Beneficiary in accordance with, and only upon, an order of the Court.

All of the covenants and agreements herein undertaken to be performed by and the rights conferred upon the respective Grantors named herein, shall be binding upon and inure to the benefit of not only said parties respectively, but also their respective heirs, executors, administrators, grantees, successors and assigns.

Notwithstanding any other agreement between the Defendant, Grantors and/or Beneficiary or any provision of law, the Beneficiary shall not be required to discharge this Deed of Trust except upon an order of the Court. It shall be the obligation of the Grantors to furnish the Beneficiary and Trustee with a certified copy of said order. Upon such order of the Court, this Deed of Trust shall become null and void and no further force and effect, and shall be released at the expense of Grantors.

[Remainder of Page Intentionally Left Blank]

EXECUTED this 1st day of June, 2015

_____
JAIME A. DAVIDSON

_____
ANA DAVIDSON


THE STATE OF TEXAS        §
                                 §
COUNTY OF DALLAS        §

This instrument was acknowledged before me on the 1st day of June, 2015, by JAIME A DAVIDSON.

_____
Notary Public in and for
the State of Texas

Print Name: 

Commission Expires:

```
┌─────────────────────────────────┐
│   ★   LINDA JANE WERLEY         │
│      MY COMMISSION EXPIRES       │
│        November 1, 2016          │
└─────────────────────────────────┘
```

*[Notarial certificates continued on following page.]*

THE STATE OF TEXAS      §

COUNTY OF DALLAS     §
                            §

This instrument was acknowledged before me on the 1st day of June, 2015, by ANA DAVIDSON.



Notary Public in and for
the State of Texas

Print Name: _Linda Jane Werley_

Commission Expires:

LINDA JANE WERLEY
MY COMMISSION EXPIRES
November 1, 2016

Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
06/02/2015 09:49:35 AM
$46.00



201500140390

Exhibit 2

Prepared by and after
recording return to:

Gregory A. Baldwin
Holland & Knight LLP
701 Brickell Avenue, 31st Floor
Miami, Florida 33131

## MORTGAGE AND SECURITY AGREEMENT

This MORTGAGE AND SECURITY AGREEMENT dated June 1, 2015 (the **"Mortgage"**), is made by JAIME A. DAVIDSON and ANA DAVIDSON, husband and wife, having an address of ███████████████████████ (**"Mortgagor"**) in favor of THE UNITED STATES OF AMERICA, having an address of 225 Cadman Plaza East, Brooklyn, New York 11201 (**"Mortgagee"**).

### WITNESSETH:

**WHEREAS**, Mortgagor is the owner of fee simple title to that certain tract of land located in Miami-Dade County, Florida, as more particularly described in Schedule "A" attached hereto and made a part hereof (the **"Real Estate"**); and

**WHEREAS**, to secure that certain Appearance Bond (the **"Bond"**) of even date herewith for Aaron Davidson (the **"Defendant"**) in Criminal Case No. 1:15-cr-00252-RJD currently before the United States District Court in and for the Eastern District of New York (the **"Court"**) executed by Defendant and Mortgagor in favor of Mortgagee, and to secure due observance and performance of the obligations, terms and conditions set forth in that certain Order Setting Conditions of Release and Bond dated May 29, 2015 executed by the Defendant and the Mortgagor and filed with the Court (the **"Order"**; together with the Bond the **"Court Documents"**), and to further secure the performance of all other covenants and agreements of or by the Defendant and the Mortgagor herein for the benefit of the Mortgagee, which may now exist or hereafter accrue, Mortgagor has agreed to execute and deliver this Mortgage to Mortgagee.

### GRANTING CLAUSES

**NOW, THEREFORE**, to secure to Mortgagee (i) the repayment of all sums due under the Court Documents; and (ii) the performance of all terms, conditions and covenants set forth in

---

**NOTE TO RECORDER: THIS MORTGAGE AND SECURITY AGREEMENT SECURES AN APPEARANCE BOND. BECAUSE THERE IS NO CURRENT MONETARY LIABILITY DUE AND ANY SUCH POTENTIAL LIABILITY IS CONTINGENT ON A FUTURE FAILURE TO PERFORM, NO FLORIDA DOCUMENTARY STAMP TAXES ARE DUE, AND NO FLORIDA INTANGIBLE PERSONAL PROPERTY TAXES ARE DUE PURSUANT TO THE PRINCIPLES OF WEST FLAGLER ASSOCIATES, LTD., et al., vs DEPT. OF REVENUE, 633 So.2d 555 (Fla. 3d DCA 1994).**

the Court Documents; Mortgagor has mortgaged, granted and conveyed and by these presents **DOES HEREBY MORTGAGE, GRANT AND CONVEY TO MORTGAGEE, ITS SUCCESSORS AND ASSIGNS**, all of Mortgagor's right, title and interest now owned or hereafter acquired in and to each of the following (collectively, the **"Property"**):

(A)     The Real Estate;

(B)     Any and all buildings and improvements now or hereafter erected on, under or over the Real Estate (the **"Improvements"**);

(C)     Any and all articles of real, personal or mixed property, belonging to Mortgagor, at any time now or hereafter installed in, attached to or situated in or upon the Real Estate;

(D)     Any and all estates, rights, tenements, hereditaments, privileges, easements, reversions, remainders and appurtenances of any kind benefiting or appurtenant to the Real Estate, Improvements or all or any other portion of the Property; all means of access to and from the Real Estate, Improvements or all or any other portion of the Property, whether public or private; all streets, alleys, passages, ways, water courses, water and mineral rights relating to the Real Estate, Improvements or all or any other portion of the Property.

**TO HAVE AND TO HOLD** the above granted and conveyed Property unto and to the proper use and benefit of Mortgagee and its successors and assigns, forever.

**AND** Mortgagor covenants and agrees as follows:

1.      **REPRESENTATIONS, WARRANTIES AND COVENANTS.**

1.1.     **Payment and Performance.**  Mortgagor shall (a) pay to Mortgagee all sums required to be paid by Mortgagor under the Court Documents, in accordance with their stated terms and conditions; and (b) perform and comply with all terms, conditions and covenants set forth in each of the Court Documents by which Mortgagor is bound.

1.2.     **Seisin and Warranty.**  Mortgagor hereby warrants that (a) Mortgagor is seized of an indefeasible estate in fee simple in, and warrants the title to, the Property; (b) Mortgagor has the right, full power and lawful authority to mortgage, grant, convey and assign the same to Mortgagee in the manner and form set forth herein; and (c) this Mortgage is a valid and enforceable lien on the Property.  Mortgagor hereby covenants that Mortgagor shall preserve such title and the validity and priority of the lien of this Mortgage and shall forever warrant and defend the same to Mortgagee against all lawful claims whatsoever.

1.3.     **Transfer of Title.**  Mortgagor shall not cause, enter into any agreement to or permit any transfer of the Property or any part thereof, whether voluntarily, involuntarily or by operation of law.

1.4.     **No Encumbrances.**  Mortgagor shall not create or permit to exist any mortgage, pledge, lien, security interest, encumbrance, attachment, levy, distraint or other judicial process

on or against the Property or any part thereof (including, without limitation, fixtures and other personalty).

1.5. **Maintenance and Repair; Alterations**. Mortgagor shall (i) abstain from and not permit the commission of waste in or about the Property; (ii) keep the Property, at Mortgagor's own cost and expense, in good and substantial repair, working order and condition; (iii) make or cause to be made, as and when necessary, all repairs and replacements, whether or not insurance proceeds are available therefor; and (iv) not remove, demolish, materially alter, discontinue the use of, permit to become deserted, or otherwise dispose of all or any part of the Property. All alterations, replacements, renewals or additions made pursuant hereto shall automatically become a part of the Property and shall be covered by the lien of this Mortgage.

1.6. **Damage, Destruction and Condemnation**. If all or any part of the Property is partially or totally damaged, taken, condemned or destroyed, the proceeds of any award or claim for damages, direct or consequential, in connection with any damage, destruction, condemnation or other taking of the Property, said proceeds not to exceed the dollar amount of the Bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (i) the Bond has been discharged by the Court, whereupon, and only upon the issuance of an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor, or (ii) the Defendant fails to observe the Order and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of Mortgagee in accordance with, and only upon the issuance of an order of the Court.

1.7. **Taxes and Other Charges**. Mortgagor shall promptly pay and discharge all taxes, assessments, water and sewer rents, and other governmental charges imposed upon the Property prior to delinquency, but in no event after interest or penalties commence to accrue thereon or become a lien upon the Property.

1.8. **Insurance**. Mortgagor shall obtain and maintain at all times throughout the term of this Mortgage the following insurance: (i) comprehensive commercial general liability insurance; (ii) "All-Risk" fire and extended coverage hazard insurance covering the Property in an aggregate amount not less than 100% of the replacement value of the Property, including coverage for windstorm; and (iii) if the Property is required to be insured pursuant to the National Flood Insurance Reform Act of 1994, and the regulations promulgated thereunder, flood insurance in an amount at least equal to the lesser of the agreed upon full insurable replacement value of the Property (less any value attributable to the Real Estate) or the maximum limit of coverage available. In the event that Mortgagor fails to maintain insurance in accordance with this Section 1.8., and Mortgagee elects to obtain insurance to protect its interests hereunder, Mortgagee may obtain insurance in any amount and of any type Mortgagee deems appropriate to protect Mortgagee's interest only. All insurance premiums incurred or paid by Mortgagee shall be at Mortgagor's sole cost and expense.

2. **SECURITY AGREEMENT**. This Mortgage constitutes a security agreement under the Code and shall be deemed to constitute a fixture financing statement. Mortgagor hereby grants to Mortgagee a security interest in all of Mortgagor's right, title and interest in the personal and

other property (other than real property) included in the Property, and all replacements of, substitutions for, and additions to, such property, and the proceeds thereof.

**3.     REMEDIES**. In the event of a default by Defendant in the terms and conditions of the Court Documents or a breach of any of the covenants herein contained to be performed by Mortgagor or Defendant, Mortgagee may take any of the following actions:

3.1.     **Possession**. Mortgagee may enter upon and take possession of the Property, with or without legal action, lease the Property, collect therefrom all rentals and, after deducting all costs of collection and administration expense, apply the net rentals in such manner and in such order of priority as Mortgagee, in Mortgagee's sole discretion, may elect. This covenant is effective either with or without any action brought to foreclose this Mortgage and without applying for a receiver of such rents.

3.2.     **Foreclosure**. Mortgagee may institute any one or more actions of mortgage foreclosure against all or any part of the Property, or take such other action at law, equity or by contract for the enforcement of this Mortgage and realization on the security herein or elsewhere provided for, as the law may allow, and may proceed therein to final judgment and execution for the entire unpaid balance of the Bond. Without limiting the foregoing, Mortgagee may foreclose this Mortgage and exercise its rights as a secured party for all or any portion of the Bond which is then due and payable, subject to the continuing lien of this Mortgage for the balance not then due and payable. In case of any sale of the Property by judicial proceedings, the Property may be sold in one parcel or in such parcels, manner or order as Mortgagee in its sole discretion may elect. Mortgagor, for itself and anyone claiming by, through or under it, hereby agrees that Mortgagee shall in no manner, in law or in equity, be limited, except as herein provided, in the exercise of its rights in the Property or in any other security hereunder or otherwise appertaining to the Bond or any other obligation secured by this Mortgage, whether by any statute, rule or precedent which may otherwise require said security to be marshalled in any manner and Mortgagor, for itself and others as aforesaid, hereby expressly waives and releases any right to or benefit thereof. The failure to make any tenant a defendant to a foreclosure proceeding shall not be asserted by Mortgagor as a defense in any proceeding instituted by Mortgagee to collect the indebtedness evidenced by the Bond or any deficiency remaining unpaid after the foreclosure sale of the Property.

3.3.     **Appointment of Receiver**. Mortgagee may petition a court of competent jurisdiction to appoint a receiver of the Property. Such appointment may be made either before or after sale, without notice, without regard to the solvency or insolvency of Mortgagor at the time of application for such receiver, without regard to the then value of the Property or whether the Property shall be then occupied as a homestead or not, and without regard to whether Mortgagor has committed waste or allowed deterioration of the Property, and Mortgagee or any agent of Mortgagee may be appointed as such receiver. Mortgagor hereby agrees that Mortgagee has a special interest in the Property and absent the appointment of such receiver the Property shall suffer waste and deterioration and Mortgagor further agrees that it shall not contest the appointment of a receiver and hereby so stipulates to such appointment pursuant to this paragraph. Such receiver shall have the power to perform all of the acts permitted Mortgagee pursuant to Section 3.1 above and such other powers which may be necessary or customary in

4

such cases for the protection, possession, control, management and operation of the Property during such period.

3.4. **Rights as a Secured Party**. Mortgagee shall have, in addition to other rights and remedies available at law or in equity, the rights and remedies of a secured party under the Code. Mortgagee may elect to foreclose such of the Property as then comprise fixtures pursuant either to the law applicable to foreclosure of an interest in real estate or to that applicable to personal property under the Code. To the extent permitted by law, Mortgagor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect.

4. **MISCELLANEOUS**.

4.1. **Notices**. All notices and communications under this Mortgage shall be in writing and shall be given by either (a) hand-delivery, (b) first class mail (postage prepaid), or (c) reliable overnight commercial courier (charges prepaid), to the addresses listed in this Mortgage.

4.2. **Partial Invalidity**. The invalidity or unenforceability of any one or more provisions of this Mortgage shall not render any other provision invalid or unenforceable. In lieu of any invalid or unenforceable provision, there shall be added automatically a valid and enforceable provision as similar in terms to such invalid or unenforceable provision as may be possible.

4.3. **Binding Effect**. The covenants, conditions, waivers, releases and agreements contained in this Mortgage shall bind, and the benefits thereof shall inure to, the parties hereto and their respective heirs, executors, administrators, successors and assigns and are intended and shall be held to be real covenants running with the land.

4.4. **Joint and Several Liability**. If Mortgagor consists of more than one person or entity, the word "Mortgagor" shall mean each of them and their liability shall be joint and several.

4.5. **Release of Mortgage**. Notwithstanding any other agreement between the Defendant, Mortgagor and/or Mortgagee or any provision of law, Mortgagee shall not be required to discharge this Mortgage except upon an order of the Court. It shall be the obligation of the Mortgagor to provide the Mortgagee with a certified copy of said order. Upon such order of the Court, this Mortgage shall become null and void and have no further force and effect, and shall be released at the expense of Mortgagor.

*[Remainder of page intentionally left blank; signature page to follow.]*

**IN WITNESS WHEREOF**, Mortgagor, intending to be legally bound, has duly executed and delivered this Mortgage and Security Agreement as of the day and year first above written.

WITNESSES:

MORTGAGOR:

Name: James Voelker

Name: Stephen Ratliff

_____
Jaime A. Davidson

Name: James Voelker

Name: Stephen Ratliff

_____
Ana Davidson

STATE OF _TEXAS_ )

               SS.:

COUNTY OF _DALLAS_ )

The foregoing instrument was acknowledged before me this 1st day of June, 2015 by Jaime A. Davidson. He is personally known to me (YES) (NO) or has produced _TEXS DRIVERS LICENSE_ as identification.

_____
Notary Public

_____
Printed Name of Notary

[Notarial Seal]

LINDA JANE WERLEY
MY COMMISSION EXPIRES
November 1, 2016

*[Notarial certificates continued on following page.]*

6

STATE OF _TEXAS_ )
                 SS.:
COUNTY OF _DALLAS_ )

The foregoing instrument was acknowledged before me this 1st day of June, 2015 by Ana Davidson. She is personally known to me (YES) (NO) or has produced _TEXAS DRIVERS LICENSE_ as identification.

_____
Notary Public

_Linda JANE WERLEY_
Printed Name of Notary

[Notarial Seal]

LINDA JANE WERLEY
MY COMMISSION EXPIRES
November 1, 2018

7

## Schedule A

█████████████████████████████████ according to the Declaration of
Condominium thereof, recorded in █████████████████████████ of the
Public Records of Miami-Dade County, Florida, and any and all amendments thereto together
with an undivided interest in and to the common elements appurtenant thereto as specified in
said Declaration

a/k/a ████████████████████████

```
MIAMI-DADE COUNTY CLERK OF COURT
RECORDS DEPARTMENT
22 N.W. 1ST STREET
MIAMI, FL 33128
REF: 8139014415

DATE:6/5/2015
TIME:9:30:36 AM
RECEIPT: 4424374

HOLLAND & KNIGHT LLP
ACCOUNT #: 0

ITEM - 01  MORTGAGE
RECD: 6/5/2015 9:30:36 AM
FILE: 2015O359912 BK/PG 0 29644/159
      Recording Fees            69.50
Subtotal        69.50

ITEM - 02  MORTGAGE
RECD: 6/5/2015 9:30:36 AM
FILE: 2015O359113 BK/PG 0 29644/167
      Recording Fees            69.50
Subtotal        69.50

TOTAL DUE                    $139.00
PAID TOTAL                   $139.00
PAID CHECK                   $139.00
   Check #305613:              69.50
   Check #305614:              69.50
------------------------------------
REC BY: John B
COUNTY RECORDER
```

Exhibit 3

Prepared by and after
recording return to:

Gregory A. Baldwin
Holland & Knight LLP
701 Brickell Avenue, 31st Floor
Miami, Florida 33131

## MORTGAGE AND SECURITY AGREEMENT

This MORTGAGE AND SECURITY AGREEMENT dated June 1, 2015 (the **"Mortgage"**), is made by AARON DAVIDSON and MICHELLE DRYJANSKY, husband and wife, having an address of ███████████ (**"Mortgagor"**) in favor of THE UNITED STATES OF AMERICA, having an address of 225 Cadman Plaza East, Brooklyn, New York 11201 (**"Mortgagee"**).

### WITNESSETH:

**WHEREAS**, Mortgagor is the owner of fee simple title to that certain tract of land located in Miami-Dade County, Florida, as more particularly described in Schedule "A" attached hereto and made a part hereof (the **"Real Estate"**); and

**WHEREAS**, to secure that certain Appearance Bond (the **"Bond"**) of even date herewith for Aaron Davidson (the **"Defendant"**) in Criminal Case No. 1:15-cr-00252-RJD currently before the United States District Court in and for the Eastern District of New York (the **"Court"**) executed by Defendant and Mortgagor in favor of Mortgagee, and to secure due observance and performance of the obligations, terms and conditions set forth in that certain Order Setting Conditions of Release and Bond dated May 29, 2015 executed by the Defendant and the Mortgagor and filed with the Court (the **"Order"**; together with the Bond the **"Court Documents"**), and to further secure the performance of all other covenants and agreements of or by the Defendant and the Mortgagor herein for the benefit of the Mortgagee, which may now exist or hereafter accrue, Mortgagor has agreed to execute and deliver this Mortgage to Mortgagee.

### GRANTING CLAUSES

**NOW, THEREFORE,** to secure to Mortgagee (i) the repayment of all sums due under the Court Documents; and (ii) the performance of all terms, conditions and covenants set forth in the Court Documents; Mortgagor has mortgaged, granted and conveyed and by these presents

**NOTE TO RECORDER: THIS MORTGAGE AND SECURITY AGREEMENT SECURES AN APPEARANCE BOND. BECAUSE THERE IS NO CURRENT MONETARY LIABILITY DUE AND ANY SUCH POTENTIAL LIABILITY IS CONTINGENT ON A FUTURE FAILURE TO PERFORM, NO FLORIDA DOCUMENTARY STAMP TAXES ARE DUE, AND NO FLORIDA INTANGIBLE PERSONAL PROPERTY TAXES ARE DUE PURSUANT TO THE PRINCIPLES OF WEST FLAGLER ASSOCIATES, LTD., et al., vs DEPT. OF REVENUE, 633 So.2d 555 (Fla. 3d DCA 1994).**

**DOES HEREBY MORTGAGE, GRANT AND CONVEY TO MORTGAGEE, ITS SUCCESSORS AND ASSIGNS,** all of Mortgagor's right, title and interest now owned or hereafter acquired in and to each of the following (collectively, the **"Property"**):

(A)    The Real Estate;

(B)    Any and all buildings and improvements now or hereafter erected on, under or over the Real Estate (the **"Improvements"**);

(C)    Any and all articles of real, personal or mixed property, belonging to Mortgagor, at any time now or hereafter installed in, attached to or situated in or upon the Real Estate;

(D)    Any and all estates, rights, tenements, hereditaments, privileges, easements, reversions, remainders and appurtenances of any kind benefiting or appurtenant to the Real Estate, Improvements or all or any other portion of the Property; all means of access to and from the Real Estate, Improvements or all or any other portion of the Property, whether public or private; all streets, alleys, passages, ways, water courses, water and mineral rights relating to the Real Estate, Improvements or all or any other portion of the Property.

**TO HAVE AND TO HOLD** the above granted and conveyed Property unto and to the proper use and benefit of Mortgagee and its successors and assigns, forever.

**AND** Mortgagor covenants and agrees as follows:

1.    <u>REPRESENTATIONS, WARRANTIES AND COVENANTS</u>.

1.1.    <u>Payment and Performance</u>. Mortgagor shall (a) pay to Mortgagee all sums required to be paid by Mortgagor under the Court Documents, in accordance with their stated terms and conditions; and (b) perform and comply with all terms, conditions and covenants set forth in each of the Court Documents by which Mortgagor is bound.

1.2.    <u>Seisin and Warranty</u>. Mortgagor hereby warrants that (a) Mortgagor is seized of an indefeasible estate in fee simple in, and warrants the title to, the Property; (b) Mortgagor has the right, full power and lawful authority to mortgage, grant, convey and assign the same to Mortgagee in the manner and form set forth herein; and (c) this Mortgage is a valid and enforceable lien on the Property. Mortgagor hereby covenants that Mortgagor shall preserve such title and the validity and priority of the lien of this Mortgage and shall forever warrant and defend the same to Mortgagee against all lawful claims whatsoever.

1.3.    <u>Transfer of Title</u>. Mortgagor shall not cause, enter into any agreement to or permit any transfer of the Property or any part thereof, whether voluntarily, involuntarily or by operation of law.

1.4.    <u>No Encumbrances</u>. Mortgagor shall not create or permit to exist any mortgage, pledge, lien, security interest, encumbrance, attachment, levy, distraint or other judicial process

on or against the Property or any part thereof (including, without limitation, fixtures and other personalty).

1.5. **Maintenance and Repair; Alterations**. Mortgagor shall (i) abstain from and not permit the commission of waste in or about the Property; (ii) keep the Property, at Mortgagor's own cost and expense, in good and substantial repair, working order and condition; (iii) make or cause to be made, as and when necessary, all repairs and replacements, whether or not insurance proceeds are available therefor; and (iv) not remove, demolish, materially alter, discontinue the use of, permit to become deserted, or otherwise dispose of all or any part of the Property. All alterations, replacements, renewals or additions made pursuant hereto shall automatically become a part of the Property and shall be covered by the lien of this Mortgage.

1.6. **Damage, Destruction and Condemnation**. If all or any part of the Property is partially or totally damaged, taken, condemned or destroyed, the proceeds of any award or claim for damages, direct or consequential, in connection with any damage, destruction, condemnation or other taking of the Property, said proceeds not to exceed the dollar amount of the Bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (i) the Bond has been discharged by the Court, whereupon, and only upon the issuance of an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor, or (ii) the Defendant fails to observe the Order and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of Mortgagee in accordance with, and only upon the issuance of an order of the Court.

1.7. **Taxes and Other Charges**. Mortgagor shall promptly pay and discharge all taxes, assessments, water and sewer rents, and other governmental charges imposed upon the Property prior to delinquency, but in no event after interest or penalties commence to accrue thereon or become a lien upon the Property.

1.8. **Insurance**. Mortgagor shall obtain and maintain at all times throughout the term of this Mortgage the following insurance: (i) comprehensive commercial general liability insurance; (ii) "All-Risk" fire and extended coverage hazard insurance covering the Property in an aggregate amount not less than 100% of the replacement value of the Property, including coverage for windstorm; and (iii) if the Property is required to be insured pursuant to the National Flood Insurance Reform Act of 1994, and the regulations promulgated thereunder, flood insurance in an amount at least equal to the lesser of the agreed upon full insurable replacement value of the Property (less any value attributable to the Real Estate) or the maximum limit of coverage available. In the event that Mortgagor fails to maintain insurance in accordance with this Section 1.8., and Mortgagee elects to obtain insurance to protect its interests hereunder, Mortgagee may obtain insurance in any amount and of any type Mortgagee deems appropriate to protect Mortgagee's interest only. All insurance premiums incurred or paid by Mortgagee shall be at Mortgagor's sole cost and expense.

2. **SECURITY AGREEMENT**. This Mortgage constitutes a security agreement under the Code and shall be deemed to constitute a fixture financing statement. Mortgagor hereby grants to Mortgagee a security interest in all of Mortgagor's right, title and interest in the personal and

other property (other than real property) included in the Property, and all replacements of, substitutions for, and additions to, such property, and the proceeds thereof.

**3.     REMEDIES.** In the event of a default by Defendant in the terms and conditions of the Court Documents or a breach of any of the covenants herein contained to be performed by Mortgagor or Defendant, Mortgagee may take any of the following actions:

3.1.     **Possession.** Mortgagee may enter upon and take possession of the Property, with or without legal action, lease the Property, collect therefrom all rentals and, after deducting all costs of collection and administration expense, apply the net rentals in such manner and in such order of priority as Mortgagee, in Mortgagee's sole discretion, may elect.  This covenant is effective either with or without any action brought to foreclose this Mortgage and without applying for a receiver of such rents.

3.2.     **Foreclosure.**  Mortgagee may institute any one or more actions of mortgage foreclosure against all or any part of the Property, or take such other action at law, equity or by contract for the enforcement of this Mortgage and realization on the security herein or elsewhere provided for, as the law may allow, and may proceed therein to final judgment and execution for the entire unpaid balance of the Bond.  Without limiting the foregoing, Mortgagee may foreclose this Mortgage and exercise its rights as a secured party for all or any portion of the Bond which is then due and payable, subject to the continuing lien of this Mortgage for the balance not then due and payable.  In case of any sale of the Property by judicial proceedings, the Property may be sold in one parcel or in such parcels, manner or order as Mortgagee in its sole discretion may elect.  Mortgagor, for itself and anyone claiming by, through or under it, hereby agrees that Mortgagee shall in no manner, in law or in equity, be limited, except as herein provided, in the exercise of its rights in the Property or in any other security hereunder or otherwise appertaining to the Bond or any other obligation secured by this Mortgage, whether by any statute, rule or precedent which may otherwise require said security to be marshalled in any manner and Mortgagor, for itself and others as aforesaid, hereby expressly waives and releases any right to or benefit thereof.  The failure to make any tenant a defendant to a foreclosure proceeding shall not be asserted by Mortgagor as a defense in any proceeding instituted by Mortgagee to collect the indebtedness evidenced by the Bond or any deficiency remaining unpaid after the foreclosure sale of the Property.

3.3.     **Appointment of Receiver.**  Mortgagee may petition a court of competent jurisdiction to appoint a receiver of the Property.  Such appointment may be made either before or after sale, without notice, without regard to the solvency or insolvency of Mortgagor at the time of application for such receiver, without regard to the then value of the Property or whether the Property shall be then occupied as a homestead or not, and without regard to whether Mortgagor has committed waste or allowed deterioration of the Property, and Mortgagee or any agent of Mortgagee may be appointed as such receiver. Mortgagor hereby agrees that Mortgagee has a special interest in the Property and absent the appointment of such receiver the Property shall suffer waste and deterioration and Mortgagor further agrees that it shall not contest the appointment of a receiver and hereby so stipulates to such appointment pursuant to this paragraph.  Such receiver shall have the power to perform all of the acts permitted Mortgagee pursuant to Section 3.1 above and such other powers which may be necessary or customary in

such cases for the protection, possession, control, management and operation of the Property during such period.

3.4. **Rights as a Secured Party**. Mortgagee shall have, in addition to other rights and remedies available at law or in equity, the rights and remedies of a secured party under the Code. Mortgagee may elect to foreclose such of the Property as then comprise fixtures pursuant either to the law applicable to foreclosure of an interest in real estate or to that applicable to personal property under the Code. To the extent permitted by law, Mortgagor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect.

## 4. MISCELLANEOUS.

4.1. **Notices**. All notices and communications under this Mortgage shall be in writing and shall be given by either (a) hand-delivery, (b) first class mail (postage prepaid), or (c) reliable overnight commercial courier (charges prepaid), to the addresses listed in this Mortgage.

4.2. **Partial Invalidity**. The invalidity or unenforceability of any one or more provisions of this Mortgage shall not render any other provision invalid or unenforceable. In lieu of any invalid or unenforceable provision, there shall be added automatically a valid and enforceable provision as similar in terms to such invalid or unenforceable provision as may be possible.

4.3. **Binding Effect**. The covenants, conditions, waivers, releases and agreements contained in this Mortgage shall bind, and the benefits thereof shall inure to, the parties hereto and their respective heirs, executors, administrators, successors and assigns and are intended and shall be held to be real covenants running with the land.

4.4. **Joint and Several Liability**. If Mortgagor consists of more than one person or entity, the word "Mortgagor" shall mean each of them and their liability shall be joint and several.

4.5. **Release of Mortgage**. Notwithstanding any other agreement between the Defendant, Mortgagor and/or Mortgagee or any provision of law, Mortgagee shall not be required to discharge this Mortgage except upon an order of the Court. It shall be the obligation of the Mortgagor to provide the Mortgagee with a certified copy of said order. Upon such order of the Court, this Mortgage shall become null and void and have no further force and effect, and shall be released at the expense of Mortgagor.

*[Remainder of page intentionally left blank; signature page to follow.]*

**IN WITNESS WHEREOF**, Mortgagor, intending to be legally bound, has duly executed and delivered this Mortgage and Security Agreement as of the day and year first above written.

WITNESSES:                                      **MORTGAGOR:**

Name: Bruce Jay Colan

Name: Gregory Baldwin

X _____
**Aaron Davidson**

Name: Bruce J. Colan

Name: Gregory Baldwin

_____
**Michelle Dryjansky**

STATE OF Florida          )
                                    SS.:
COUNTY OF Miami-Dade   )

The foregoing instrument was acknowledged before me this 1st day of June, 2015 by Aaron Davidson. He is personally known to me (YES) (NO) or has produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as identification.

_____
Notary Public

[Notarial Seal]

Martha Fields
Printed Name of Notary

MARTHA FIELDS
MY COMMISSION # EE 220042
EXPIRES: November 27, 2016
Bonded Thru Notary Public Underwriters

*[Notarial certificates continued on following page.]*

STATE OF *Florida* )
                  SS.:
COUNTY OF *Miami-Dade* )

       The foregoing instrument was acknowledged before me this 1st day of June, 2015 by Michelle Dryjansky. She is personally known to me (YES) (NO) or has produced ████████████████████████ as identification.

                                   *Martha Fields*
                                   Notary Public

[Notarial Seal]

                                   Martha Fields
                                   Printed Name of Notary

                 MARTHA FIELDS
                MY COMMISSION # EE 220042
                EXPIRES: November 27, 2018
              Bonded Thru Notary Public Underwriters

## Schedule A

███████████████████████████████████████████████ together with an undivided interest in the common elements, according to the Declaration of Condominium thereof, as recorded in ██████████████████████████ of the Public Records of Miami-Dade County, Florida

a/k/a ██████████████████████████████████

#35754679_v3

MIAMI-DADE COUNTY CLERK OF COURT
RECORDS DEPARTMENT
22 N.W. 1ST STREET
MIAMI, FL. 33128
REF: 8139014415

DATE:6/5/2015
TIME:9:30:36 AM
RECEIPT: 4424374

HOLLAND & KNIGHT LLP
ACCOUNT #: 0

ITEM - 01  MORTGAGE
RECD: 6/5/2015 9:30:36 AM
FILE: 2015059112  BK/PG 0 29644/159
    Recording Fees                69.50
Subtotal        69.50

ITEM - 02  MORTGAGE
RECD: 6/5/2015 9:30:36 AM
FILE: 2015059113  BK/PG 0 29644/167
    Recording Fees                69.50
Subtotal        69.50

TOTAL DUE                   $139.00
PAID TOTAL                  $139.00
PAID CHECK                  $139.00
    Check #305613:            69.50
    Check #305614:            69.50

REC BY: John B
COUNTY RECORDER

Exhibit 4

Royal Alliance Associates, Inc.
200 Liberty Street, 15th Fl.
New York, NY 10281

June 3, 2015

To the Clerk of Court for the Eastern District of New York:

We are the broker-dealer with which Financial Planning Associates, a financial planning firm located at 5001 Spring Valley Road, Dallas, TX, is affiliated. Its client, Aaron Davidson, currently maintains a brokerage account with us. Mr. Davidson has authorized us to accept instructions from his attorneys at Holland & Knight LLP.

Mr. Davidson also holds assets at ███████████ as follows:

██████████████████████ The value of this account was ████████ as of the market's close on June 2, 2015.

On June 4, 2015, we will initiate the liquidation of the assets in the ████ account listed above. The liquidated funds will be deposited into a money market account with us. Upon completion of the liquidation, the assets will be transferred into this account, under our management. We will not take any action to dissipate or hypothecate the assets held in this account without instruction from Mr. Davidson or his counsel.

If any further assurances or descriptions of the assets listed herein are required, we will provide additional information at the instruction of Holland & Knight LLP or Aaron Davidson.

Sincerely,
Royal Alliance Associates, Inc.

By: _Abby Henig_
Abby Henig, Associate General Counsel