

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EMN:AH/KDE
F.#2015R00747

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 16, 2015

By ECF and Hand

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Jeffrey Webb, et al.
       Criminal Docket No. 15-252 (RJD)

Dear Judge Dearie:

    The government respectfully writes to provide the Court with an update regarding the proceedings in this case in advance of the status conference for the defendant Aaron Davidson scheduled for July 17, 2015 at 12:30 p.m.

I. Status of the 14 Defendants

    On May 20, 2015, a grand jury in this District returned an indictment charging 14 defendants with racketeering conspiracy and other crimes in connection with their involvement in a racketeering enterprise consisting of an association-in-fact of the Fédération Internationale de Football Association (FIFA), FIFA's six constituent continental confederations, affiliated regional federations, national federations, and sports marketing companies. On May 27, 2015, the indictment, as well as the charging instruments to which a number of individual and corporate defendants had previously pleaded guilty, were unsealed.

    The same day, law enforcement authorities in the United States and abroad arrested nine of the 14 defendants charged in the indictment. Four other defendants were arrested in the days and weeks that followed. The status of those 13 defendants is as follows:

- On May 27, 2015, U.S. law enforcement agents arrested Davidson in Florida pursuant to an arrest warrant. Davidson, the former president of Traffic Sports USA, Inc., a sports marketing company based in Miami, Florida, is charged in Counts One's racketeering conspiracy and a number of other counts. Davidson was arraigned in this District before the Honorable Cheryl L. Pollak on May 29, 2015 and released pursuant to a $5 million bond, jointly proposed by the parties, secured by multiple properties and the signatures of multiple sureties. Among other conditions of release, Davidson is subject to home detention and electronic monitoring at his residence in Florida.

- On May 27, 2015, Swiss law enforcement authorities arrested seven defendants – Jeffrey Webb, Eduardo Li, Julio Rocha, Costas Takkas, Eugenio Figueredo, Rafael Esquivel, and José Maria Marin – pursuant to U.S. provisional arrest requests. The seven defendants were thereafter detained pending their extradition. On July 2, 2015, the Swiss Federal Office of Justice confirmed that the U.S. embassy in Bern had submitted formal extradition requests as to each of the seven defendants. On July 10, 2015, the Swiss authorities confirmed that one of the defendants had already agreed to be extradited to the United States. Extradition proceedings are ongoing as to the other six defendants.

- Beginning on May 27, 2015 and continuing over the course of the course of the following weeks, five other defendants – Jack Warner, Nicolás Leoz, Alejandro Burzaco, Hugo Jinkis, and Mariano Jinkis – were arrested in Trinidad and Tobago, Paraguay, Italy, and Argentina. Proceedings are ongoing in each of those countries.

The remaining defendant, José Margulies, also known as José Lazaro, has not been arrested.

II.     Status of Proceedings against the Defendant Aaron Davidson

Since Davidson's arrest, the parties have been actively engaged in plea negotiations. The parties have also discussed the scope and timing of discovery, and the government has begun making disclosures pursuant to Rule 16 of the Federal Rules of Criminal Procedure. In addition, the parties plan to submit a proposed protective order to the Court governing the use and further disclosure of certain discovery materials. In general terms, the government anticipates that the discovery in this case will consist of, among other things, audio recordings in multiple languages; bank, wire transfer, and other financial records; contracts in multiple languages; emails, text messages, and other correspondence in multiple languages; meeting minutes; travel records; handwritten notes; records produced to the United States by foreign countries pursuant to mutual legal assistance requests; and records seized pursuant to

search warrants, including warrants executed on the offices of the Confederation of North, Central American and Caribbean Association Football (CONCACAF) and Traffic Sports USA, Inc.

III.     Speedy Trial Act Exclusions

At his arraignment on May 29, 2015, Davidson consented to the exclusion of time under the Speedy Trial Act until tomorrow for the purpose of facilitating plea negotiations. The government respectfully requests that the Court exclude the time between the July 17, 2015 status conference and the next conference scheduled in this matter under the Speedy Trial Act on the grounds set forth below.[1]  Davidson joins in the request.

  A.     Complex Case

Under the Speedy Trial Act, any "period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government" is excludable "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," and the court "sets forth, in the record of the case, either orally or in writing, its reasons for [that] finding."  18 U.S.C. § 3161(h)(7)(A).

In determining whether a continuance serves the ends of justice, courts are to consider whether the case is so complex that, absent a continuance, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings.  See id. § 3161(h)(7)(B)(ii).  In making that determination, courts consider "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law."  Id.

Here, each of these factors weighs in favor of a determination that complex case designation is warranted.  The 161-page indictment charges 14 defendants variously in 47 counts with crimes occurring over two decades.  The racketeering conspiracy count alone alleges that from 1991 to the present, the 14 defendants agreed to conduct the affairs of the enterprise through multiple acts indictable under a number of federal and state laws, including laws proscribing fraud and money laundering.  The crimes alleged in the indictment relate to over a dozen separate schemes, including schemes involving the payment of bribes and kickbacks in connection with the purchase of commercial rights for national and international soccer tournaments, the sponsorship of the Brazilian national soccer federation, the selection of the host country for the 2010 FIFA World Cup, and the 2011 FIFA presidential election.  The government anticipates that the Rule 16 discovery in this case will be varied, as described above, and voluminous.

Accordingly, the government respectfully submits that this case is properly designated complex.  See, e.g., United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197-98 (2d Cir. 1989) (district court did not abuse its broad discretion in designating complex an

---

[1] The Speedy Trial clock does not begin to run as to the other 13 defendants until they are arraigned.  See 18 U.S.C. § 3161(c)(1).

3

eight defendant, 470-count case); United States v. Hernandez, 862 F.2d 17, 24 n.3 (2d Cir. 1988) ("It was hardly an abuse of discretion to hold a nineteen-defendant case complex."); United States v. Naseer, 38 F. Supp. 3d 269, 276 (E.D.N.Y. 2014) ("[T]he continued exclusion for purposes of the Speedy Trial Act is justified by the nature of the case, the significant amount of discovery that the government is in the process of providing to the defendant, and the importance of ensuring that both parties have time to sufficiently prepare for a fair trial.").

Davidson does not object to the requested designation.

### B.   Status of Other Defendants

In addition, because other defendants are pending extradition to the United States and thus have not yet been arraigned on the indictment, time is automatically excluded under the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(6) (excluding "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance been granted"); United States v. Vasquez, 918 F.2d 329, 336 (2d Cir. 1990); see also United States v. Lopesierra-Gutierrez, 708 F.3d 193, 203 (D.C. Cir. 2013) (holding that "338-day period between [defendant's] arraignment and the arraignment of the last-extradited co-defendant was properly and automatically excluded").

### C.   Requests for Evidence in Foreign Countries

The Speedy Trial Act also provides that time is automatically excluded for up to one year if, upon motion of a party, the court finds by a preponderance of the evidence that an "official request, as defined in section 3292 of this title, has been made for evidence of any such offense" and it "reasonably appears" that evidence is in a foreign country.   18 U.S.C. § 3161(h)(8).   The government has in fact submitted requests to numerous foreign countries for evidence, including bank records, via mutual legal assistance treaties, which constitute "official requests" under the statute.   See id. § 3292 (d) (defining "official request" to include "a request under a treaty or convention . . . to a court or other authority of a foreign country").   At least one country, Switzerland, has made public the fact that it has received such requests from the United States in this case.   Given the breadth and scope of the indictment, as well as evidence already collected in the course of this investigation, there is no doubt that further evidence exists abroad.   Accordingly, this is an additional basis upon which to exclude time under the Speedy Trial Act.

## IV.   Victim Notification

The victims in this case include, among others, FIFA and other soccer governing bodies identified in the indictment that were defrauded by the defendants of, among other things, their right to the honest services of the officials elected or appointed to handle their operations.   Accordingly, to comply with its victim-notification obligations under the Justice for All Act, 18 U.S.C. § 3771, the government is taking a number of steps, including coordinating with counsel for FIFA and other sports governing bodies, to ensure that these entities and their constituent

4

organizations, including FIFA's 209 national member associations, are provided with timely notification of proceedings in this matter.

V. Next Status Conference

      The government and Davidson jointly request that the Court schedule the next status conference for a date approximately 60 days from tomorrow's conference, which will permit time for further plea negotiations and the continued provision of discovery.

                Respectfully submitted,

                KELLY T. CURRIE
                Acting United States Attorney
                Eastern District of New York

By:     /s/
                Evan M. Norris
                Amanda Hector
                Darren A. LaVerne
                Samuel P. Nitze
                M. Kristin Mace
                Keith D. Edelman
                Brian D. Morris
                Assistant U.S. Attorneys
                718-254-7000

cc:     Counsel of record (by ECF)
        Clerk of Court (RJD) (by ECF)