Pg 1 of 5

**United States District Court**
**EASTERN DISTRICT OF NEW YORK**

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS |
|---|---|
| v. | OF RELEASE AND BOND |
| Jeffrey Webb | Case No.: 15CR 252 (RJD) |
| Defendant | |

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released as follows, subject to the Standard Conditions of Bond on the reverse and:

[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or
[ ] Upon Unsecured Bond executed by defendant in the amount of $_____, or  $10 million
[ ] Upon Secured Appearance Bond as provided herein.

### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release.

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: See attached
[✓] 2. The defendant shall avoid all contact and not associate with any of the following persons or entities: See attached
[ ] 3. The defendant shall avoid and not go to any of the following locations: _____
[✓] 4. The defendant shall surrender any and all passports to the U.S. Pretrial Services Agency custody of the FBI by ___ and shall not apply for any other passport.
[✓] 5. Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and
   [✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work: FBI
   [✓] must report to that agency ( ) in person ____ times per ____ and/or ( ) by telephone ____ times per ____ as directed by PTS & FBI
   [ ] is subject to home detention with electronic monitoring with the following conditions: _____

[ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.
[ ] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[✓] 6. Other Conditions: See Attached

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ 10 million. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $_____;
[ ] premises located at: _____ owned by _____
[ ] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____

[ ] Other Conditions: _____

_[signature]_ Address: [redacted]
Kindra Gamble-Webb, Surety
_[signature]_ Leroy Jones Address: [redacted]
Leroy Jones, Jr., Surety
_[signature]_ Address: [redacted]
Mildred Jones, Surety

x _[signature]_ Arthur Webb

The Court has advised the defendant of the conditions of release per 18:3142(b)(1) and (b)(2). This bond is conditioned upon the appearance of the defendant and is subject to the Standard Conditions of Bond set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth on the reverse of this form.

_[signature]_
Signature of Defendant

Release of the Defendant is hereby ordered on 7/18, 20 15
/s/ VMS , USMJ

Distribution:  White-Original   Canary - Courtroom Deputy   Pink - Pretrial Services   Goldenrod - Defendant

2 of 5

## Attachment A

1. As set forth in paragraph 5, below, the defendant is subject to electronic monitoring and home detention at a location approved in writing by the FBI and provided to the Office of Pretrial Services ("PTS"). Until further amendment of this bond, the residence must be within 20 miles of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York. The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS. The cost of the electronic monitoring shall be borne solely by the defendant. *[handwritten: exception / He may leave for medical emergencies, attorney visits, and religious services, court.]*

2. The defendant will not directly or indirectly associate or have contact with his co-defendants or co-conspirators, or any individual employed by or associated with the following entities: (i) any sports marketing company identified in the indictment in this case, including without limitation Torneos y Competencias S.A., Full Play S.A. and the Traffic Group or any subsidiary or affiliates of the foregoing companies; (ii) CONCACAF and any affiliated or constituent entity; (iii) CONMEBOL and any affiliated or constituent entity; and (iv) FIFA and any affiliated or constituent entity. *[handwritten: The list of unindicted co-conspirators to be provided by ___ FBI / PTS]*

3. See paragraph 5, below. *[handwritten: See #1 above for amendment.]*

4. The defendant and his wife shall surrender any and all of their passports to the FBI.

5. The defendant is subject to electronic monitoring and home detention at a residence approved in writing by the FBI and provided to PTS. Until further amendment of this bond, the residence must be within 20 miles of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York. The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS. The cost of the electronic monitoring shall be borne solely by the defendant. *[handwritten: See #1 above for amendment]*

6. A private security service, approved by the U.S. Attorney's Office and FBI, will monitor the defendant's physical location and provide security 24 hours per day, 7 days per week. The private security service shall accompany the defendant during transit to and from his residence and this courthouse, the offices of his attorneys, and any other place ~~as to which the defendant's travel has been approved in writing by the FBI and PTS as set forth in paragraphs 1 and 5~~. The private security service shall be directed by and report to the FBI. The cost of the private security service shall be borne solely by the defendant.

*[handwritten: Mr. O'Callaghan and other legal/attorneys staff may have private atty mtg with Mr. Webb, with the security service in sufficient proximity to perform their duties.]*

3 of 5

*WS 7/18/08*

## Attachment B

Real Properties Securing the Bond:

1. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Jeffrey Webb and Kendra Gamble-Webb)

2. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Jeffrey Webb and Kendra Gamble-Webb)

3. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Kendra Gamble-Webb)

4. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Jeffrey Webb)

5. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Jeffrey Webb)

6. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Leroy Jones, Jr. and Mildred Jones)

7. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by John Bodden)

8. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Delroy Webb)

9. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Delroy Webb)

10. ▊▊▊▊▊▊▊▊▊▊▊▊ (owned by Delroy Webb)

Security on the properties listed above in paragraphs 1, 2, 3, 6 and 7 shall be perfected no later than Monday, July 27, 2015. Security on the remaining properties shall be perfected no later than Monday, August 3, 2015. Security shall be perfected in a form acceptable to the U.S. Attorney's Office.

Other Assets Securing the Bond (which are not to be transferred, sold, liquidated or hypothecated):

1. 2014 Range Rover (owned by ~~Jeffrey Webb~~ *Kendra Gamble-Webb*) — *D.L. Eve*

2. 2015 Ferrari (owned by ~~Jeffrey Webb~~ *Kendra Gamble-Webb*) — *D.L. Eve*

3. 2003 Mercedes-Benz (owned by Jeffrey Webb)

4. 401k account held in the name of Kendra Gamble-Webb at TD Ameritrade

*ff 1 of 2*

4 of 5



5. Kendra Gamble-Webb's partnership equity interest in ███████████████████████████████████████

6. Diamond wedding ring owned by Kendra Gamble-Webb

<u>Other Assets Securing the Bond</u> (which have been provided to the FBI and will be delivered to Clerk of Court as security on this bond):

1. The following watches, all owned by Jeffrey Webb:

   Luminor Marina (white metal, black band, serial #BB1107199)
   Breitling (white metal, serial #AB0610)
   Rolex Yacht Master (yellow metal, no serial number apparent)
   Rolex Sky Dweller (yellow metal, no serial number apparent)
   Royal Oak Offshore (black rubber band, serial #H98507)
   Panerai (white metal, brown cloth strap, serial #018387)
   Luminor (white metal, brown leather band, serial #PB056764)
   Rolex (white metal, no serial number apparent)
   Cartier Roadster (white metal, serial #562195CE)
   Rolex Submariner (white metal, green face, no serial number apparent)
   Hublot (rose gold with black strap)*

2. The following items, all owned by Kendra Gamble-Webb:

   Diamond bracelet
   Diamond and pearl necklace
   1 pair pearl earrings
   1 pair long-hanging diamond earrings
   Hublot Big Band watch (yellow metal, brown band, serial #914716)
   Rolex (white metal, no serial number apparent)

---

\*   This watch has not yet been provided to the FBI. Defense counsel will obtain the watch on or before August 3, 2015 and provide it to the FBI or directly to the Clerk of Court.

#F 2 of 2

Docket No. 15 CR 252 (RJD)

PAGE 5 OF 5

## ORDER SETTING CONDITIONS OF RELEASE AND BOND

Defendant: Jeffrey Webb

Amount of Bond: $ 10 million

Each of the following additional surety or sureties acknowledges and agrees to pay the bond on the first page of this Order Setting Conditions of Release and Bond and, to the extent indicated below, to securing the bond with his/her/their interest in the property or properties described below:

| Surety | Address | Date | Acknowledged Before |
|---|---|---|---|
| Phyllis Jones | [redacted] | | _____ USMJ |
| John Bodden | | | _____ USMJ |
| Delroy Webb | | | _____ USMJ |
| Marjorie Webb | | 7/20/15 | _____ USMJ |
| India Beckford | | 7/20/15 | _____ USMJ |
| Carl Webb, Jr. | | | |

Signed and Acknowledged by all the above sureties before me on JULY 20, 2015

_James O. Gordon Jr._ USMJ  D.C.

The bond shall be secured by the interest of the surety in the following property or properties:

Premises located at : _____

Owned by : _____

Premises located at : _____

Owned by : _____

Premises located at : _____

Owned by : _____






Pg 1 of 5

**United States District Court**
**EASTERN DISTRICT OF NEW YORK**

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE AND BOND |
|---|---|
| V. | |
| Jeffrey Webb  Defendant | Case No.: 15CR 252 (RJD) |

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released as follows, subject to the Standard Conditions of Bond on the reverse and:
[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or
[ ] Upon Unsecured Bond executed by defendant in the amount of $_____, or **$10 million**
[ ] Upon Secured Appearance Bond as provided herein.

### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: **See attached**

[✓] 2. The defendant shall avoid all contact and not associate with any of the following persons or entities: **See attached**

[ ] 3. The defendant shall avoid and not go to any of the following locations: _____
[✓] 4. The defendant shall surrender any and all passports to the ~~U.S. Pretrial Services Agency~~ by **custody of the FBI** and shall not apply for any other passport.
[✓] 5. Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and
  [✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work; **as directed by PTS &**
  [✓] must report to that agency ( ) in person _____ times per _____ and/or ( ) by telephone _____ times per _____; **FBI**
  [ ] is subject to home detention with electronic monitoring with the following conditions: _____

[ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.
[ ] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[✓] 6. Other Conditions: **See Attached**

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ **10 million**. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $_____;
[ ] premises located at: _____ owned by _____
[ ] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____

[ ] Other Conditions: _____

_____ Address: [REDACTED]
Lindra Gaulle-Webb Surety

_____ Address: [REDACTED]
Leroy Jones, Jr. Surety

_____ Address: [REDACTED]
Mildred Jones Surety

x _Arthur Webb_

The Court has advised the defendant of the conditions of release per 18:3142(b)(1) and (b)(2). This bond is conditioned upon the appearance of the defendant and is subject to the Standard Conditions of Bond set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth on the reverse of this form.

_____
Signature of Defendant

Release of the Defendant is hereby ordered on **7/18**, 20**15**
/s/ VMS , USMJ

Distribution:    White-Original    Canary - Courtroom Deputy    Pink - Pretrial Services    Goldenrod - Defendant

2 of 5

## Attachment A

1. As set forth in paragraph 5, below, the defendant is subject to electronic monitoring and home detention at a location approved in writing by the FBI and provided to the Office of Pretrial Services ("PTS"). Until further amendment of this bond, the residence must be within 20 miles of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York. The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS. The cost of the electronic monitoring shall be borne solely by the defendant. *[handwritten annotations]*

2. The defendant will not directly or indirectly associate or have contact with his co-defendants or co-conspirators, or any individual employed by or associated with the following entities: (i) any sports marketing company identified in the indictment in this case, including without limitation Torneos y Competencias S.A., Full Play S.A. and the Traffic Group or any subsidiary or affiliates of the foregoing companies; (ii) CONCACAF and any affiliated or constituent entity; (iii) CONMEBOL and any affiliated or constituent entity; and (iv) FIFA and any affiliated or constituent entity. *[handwritten annotations]*

3. See paragraph 5, below. *[handwritten: See #1 above for amendment]*

4. The defendant and his wife shall surrender any and all of their passports to the FBI.

5. The defendant is subject to electronic monitoring and home detention at a residence approved in writing by the FBI and provided to PTS. Until further amendment of this bond, the residence must be within 20 miles of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York. The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS. The cost of the electronic monitoring shall be borne solely by the defendant. *[handwritten: See #1 above for amendment]*

6. A private security service, approved by the U.S. Attorney's Office and FBI, will monitor the defendant's physical location and provide security 24 hours per day, 7 days per week. The private security service shall accompany the defendant during transit to and from his residence and this courthouse, the offices of his attorneys, and any other place ~~as to which the defendant's travel has been approved in writing by the FBI and PTS as set forth in paragraphs 1 and 5~~. The private security service shall be directed by and report to the FBI. The cost of the private security service shall be borne solely by the defendant.

*[handwritten note]: Mr. O'Callaghan and other legal/attorney staff may have private atty mtgs with Mr. Webb, with the security service in sufficient proximity to perform their duties.*

3 of 5

 ws 7/18/15

## Attachment B

Real Properties Securing the Bond:

1. ███████████████████ (owned by Jeffrey Webb and Kendra Gamble-Webb)

2. ███████████████████ (owned by Jeffrey Webb and Kendra Gamble-Webb)

3. ███████████████████ (owned by Kendra Gamble-Webb)

4. ███████████████████ (owned by Jeffrey Webb)

5. ███████████████████ (owned by Jeffrey Webb)

6. ███████████████████ (owned by Leroy Jones, Jr. and Mildred Jones)

7. ███████████████████ (owned by John Bodden)

8. ███████████████████ (owned by Delroy Webb)

9. ███████████████████ (owned by Delroy Webb)

10. ███████████████████ (owned by Delroy Webb)

Security on the properties listed above in paragraphs 1, 2, 3, 6 and 7 shall be perfected no later than Monday, July 27, 2015. Security on the remaining properties shall be perfected no later than Monday, August 3, 2015. Security shall be perfected in a form acceptable to the U.S. Attorney's Office.

Other Assets Securing the Bond (which are not to be transferred, sold, liquidated or hypothecated):

1. 2014 Range Rover (owned by ~~Jeffrey Webb~~ Kendra Gamble-Webb)   D.C. Esc

2. 2015 Ferrari (owned by ~~Jeffrey Webb~~ Kendra Gamble-Webb)   D.C. Esc

3. 2003 Mercedes-Benz (owned by Jeffrey Webb)

4. 401k account held in the name of Kendra Gamble-Webb at TD Ameritrade

#1 of 2



7/18/15

5. Kendra Gamble-Webb's partnership equity interest in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6. Diamond wedding ring owned by Kendra Gamble-Webb

<u>Other Assets Securing the Bond</u> (which have been provided to the FBI and will be delivered to Clerk of Court as security on this bond):

1. The following watches, all owned by Jeffrey Webb:

   Luminor Marina (white metal, black band, serial #BB1107199)
   Breitling (white metal, serial #AB0610)
   Rolex Yacht Master (yellow metal, no serial number apparent)
   Rolex Sky Dweller (yellow metal, no serial number apparent)
   Royal Oak Offshore (black rubber band, serial #H98507)
   Panerai (white metal, brown cloth strap, serial #018387)
   Luminor (white metal, brown leather band, serial #PB056764)
   Rolex (white metal, no serial number apparent)
   Cartier Roadster (white metal, serial #562195CE)
   Rolex Submariner (white metal, green face, no serial number apparent)
   Hublot (rose gold with black strap)*

2. The following items, all owned by Kendra Gamble-Webb:

   Diamond bracelet
   Diamond and pearl necklace
   1 pair pearl earrings
   1 pair long-hanging diamond earrings
   Hublot Big Band watch (yellow metal, brown band, serial #914716)
   Rolex (white metal, no serial number apparent)

\*   This watch has not yet been provided to the FBI. Defense counsel will obtain the watch on or before August 3, 2015 and provide it to the FBI or directly to the Clerk of Court.

JF 2 of 2

Docket No. 15 CR 252 (RJD)   PAGE 5 OF 5

## ORDER SETTING CONDITIONS OF RELEASE AND BOND

Defendant: Jeffrey Webb        Amount of Bond: $ 10 million

Each of the following additional surety or sureties acknowledges and agrees to pay the bond on the first page of this Order Setting Conditions of Release and Bond and, to the extent indicated below, to securing the bond with his/her/their interest in the property or properties described below:

| Surety | Address | Date | Acknowledged Before |
|---|---|---|---|
| Phyllis Jones | [redacted] | | USMJ |
| John Bodden | | | USMJ |
| Delroy Webb | | | USMJ |
| Marjorie Webb | | | USMJ |
| India Bickford | | 7/20/15 | USMJ |
| Carl Webb, Jr. | | 7/20/15 | USMJ |

Signed and Acknowledged by all the above sureties before me on __JULY 20__, 20_15_   James O. Gordon Jr. USMJ D.C.

The bond shall be secured by the interest of the surety in the following property or properties:

Premises located at: _____

Owned by: _____

Premises located at: _____

Owned by: _____

Premises located at: _____

Owned by: _____




