**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201
Telephone : 718-613-2302
Fax : 718-613-2305

FILED
BROOKLYN OFFICE

DATE : 7/20/2015

From TO : U.S. District Court: Southern District of Florida-Miami

Attn : Clerk's Office

Phone Number 305-523-5289
Fax Number : 305-523-5280

To: FROM : Krista Quinlan (Courtroom Deputy to the Hon. Vera M. Scanlon)

You should received 14 page(s) including this cover sheet.

SUBJECT: USA V. Jeffrey Webb Case # 15CR252(RJD)
Bond was set by U.S. Magistrate Vera M. Scanlon in the amount of $10,000,000. secured bond with special conditions as to deft. JEFFREY WEBB . Sureties, DELROY WEBB and JOHN BODDEN to co-sign the bond in your district. Please advise the sureties of his/her obligations of co-signing the bond and have him/her sign the bond and include his/her address on the bond. Once the bond has been signed and executed, please fax or email a copy of the bond along with the sureties' photo ID back to our office at the above listed fax number. Please send the originals via mail. Thank you for your assistance.

Page 1 of 5

*United States District Court*
**EASTERN DISTRICT OF NEW YORK**

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE AND BOND |
|---|---|
| v. | |
| Jeffrey Webb | Case No.: 15CR 252 (RJD) |
| Defendant | |

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released as follows, subject to the Standard Conditions of Bond on the reverse and:

[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or
[ ] Upon Unsecured Bond executed by defendant in the amount of $_____, or **$10 million**
[ ] Upon Secured Appearance Bond as provided herein.

### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: **See attached**

[✓] 2. The defendant shall avoid all contact and not associate with any of the following persons or entities: **See attached**

[ ] 3. The defendant shall avoid and not go to any of the following locations: **custody of the FBI**

[✓] 4. The defendant shall surrender any and all passports to the U.S. Pretrial Services Agency by _____ and shall not apply for any other passport.

[✓] 5. Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and

[✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work: **as directed by PTS & FBI**
[ ] must report to that agency ( ) in person _____ times per _____ and/or ( ) by telephone _____ times per _____;
[ ] is subject to home detention with electronic monitoring with the following conditions: _____

[ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.
[ ] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[✓] 6. Other Conditions: **See Attached**

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ **10 million**. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $_____;
[ ] premises located at: _____ owned by _____
[ ] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____.

[ ] Other Conditions: _____

Kindra Gayle-Webb — Surety — Address: [REDACTED]
Leroy Jones — Surety — Address: [REDACTED]
Mildred Jones — Surety — Address: _____
Arthur Webb

The Court has advised the defendant of the conditions of release per 18:3142(b)(1) and (b)(2). This bond is conditioned upon the appearance of the defendant and is subject to the Standard Conditions of Bond set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth on the reverse of this form.

Signature of Defendant

Release of the Defendant is hereby ordered on **7/18, 2015**

_____, USA

Distribution: White-Original   Canary - Courtroom Deputy   Pink - Pretrial Services   Goldenrod - Defendant

2 of 5

## Attachment A

1. As set forth in paragraph 5, below, the defendant is subject to electronic monitoring and home detention at a location approved in writing by the FBI and provided to the Office of Pretrial Services ("PTS"). Until further amendment of this bond, the residence must be within 20 miles of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York. The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS. The cost of the electronic monitoring shall be borne solely by the defendant. *[handwritten annotations: he may leave for medical emergencies, attorney visits, and religious services; may be in the United States with notice to the FBI & PTS]*

2. The defendant will not directly or indirectly associate or have contact with his co-defendants or co-conspirators, or any individual employed by or associated with the following entities: (i) any sports marketing company identified in the indictment in this case, including without limitation Torneos y Competencias S.A., Full Play S.A. and the Traffic Group or any subsidiary or affiliates of the foregoing companies; (ii) CONCACAF and any affiliated or constituent entity; (iii) CONMEBOL and any affiliated or constituent entity; and (iv) FIFA and any affiliated or constituent entity. *[handwritten: The list of unindicted co-conspirators to be provided]*

3. See paragraph 5, below. *[handwritten: See #1 above for amendment]*

4. The defendant and his wife shall surrender any and all of their passports to the FBI.

5. The defendant is subject to electronic monitoring and home detention at a residence approved in writing by the FBI and provided to PTS. Until further amendment of this bond, the residence must be within 20 miles of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York. The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS. The cost of the electronic monitoring shall be borne solely by the defendant. *[handwritten: See #1 above for amendment]*

6. A private security service, approved by the U.S. Attorney's Office and FBI, will monitor the defendant's physical location and provide security 24 hours per day, 7 days per week. The private security service shall accompany the defendant during transit to and from his residence and this courthouse, the offices of his attorneys, and any other place ~~as to which the defendant's travel has been approved in writing by the FBI and PTS as set forth in paragraphs 1 and 5~~. The private security service shall be directed by and report to the FBI. The cost of the private security service shall be borne solely by the defendant.

*[handwritten: Mr. O'Callaghan and other legal/attorney staff may have private atty mtgs with Mr. Webb, with the security service in sufficient proximity to perform their duties.]*

*(VAS 7/18/15)*   3 of 3

### Attachment B

<u>Real Properties Securing the Bond</u>:

1. ████████████████████████ (owned by Jeffrey Webb and Kendra Gamble-Webb)

2. ████████████████████████ (owned by Jeffrey Webb and Kendra Gamble-Webb)

3. ████████████████████████ (owned by Kendra Gamble-Webb)

4. ████████████████████████ (owned by Jeffrey Webb)

5. ████████████████████████ (owned by Jeffrey Webb)

6. ████████████████████████ (owned by Leroy Jones, Jr. and Mildred Jones)

7. ████████████████████████ (owned by John Bodden)

8. ████████████████████████ (owned by Delroy Webb)

9. ████████████████████████ (owned by Delroy Webb)

10. ████████████████████████ (owned by Delroy Webb)

Security on the properties listed above in paragraphs 1, 2, 3, 6 and 7 shall be perfected no later than Monday, July 27, 2015. Security on the remaining properties shall be perfected no later than Monday, August 3, 2015. Security shall be perfected in a form acceptable to the U.S. Attorney's Office.

<u>Other Assets Securing the Bond</u> (which are not to be transferred, sold, liquidated or hypothecated):

1. 2014 Range Rover (owned by ~~Jeffrey Webb~~ *Kendra Gamble-Webb*)    - *D.L. Foc*

2. 2015 Ferrari (owned by ~~Jeffrey Webb~~ *Kendra Gamble-Webb*)    *D.L. Foc*

3. 2003 Mercedes-Benz (owned by Jeffrey Webb)

4. 401k account held in the name of Kendra Gamble-Webb at TD Ameritrade

*#1 of 2*


7/18/15

5. Kendra Gamble-Webb's partnership equity interest in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6. Diamond wedding ring owned by Kendra Gamble-Webb

<u>Other Assets Securing the Bond</u> (which have been provided to the FBI and will be delivered to Clerk of Court as security on this bond):

1. The following watches, all owned by Jeffrey Webb:

   Luminor Marina (white metal, black band, serial #BB1107199)
   Breitling (white metal, serial #AB0610)
   Rolex Yacht Master (yellow metal, no serial number apparent)
   Rolex Sky Dweller (yellow metal, no serial number apparent)
   Royal Oak Offshore (black rubber band, serial #H98507)
   Panerai (white metal, brown cloth strap, serial #018387)
   Luminor (white metal, brown leather band, serial #PB056764)
   Rolex (white metal, no serial number apparent)
   Cartier Roadster (white metal, serial #562195CE)
   Rolex Submariner (white metal, green face, no serial number apparent)
   Hublot (rose gold with black strap)*

2. The following items, all owned by Kendra Gamble-Webb:

   Diamond bracelet
   Diamond and pearl necklace
   1 pair pearl earrings
   1 pair long-hanging diamond earrings
   Hublot Big Band watch (yellow metal, brown band, serial #914716)
   Rolex (white metal, no serial number apparent)

---

\*   This watch has not yet been provided to the FBI. Defense counsel will obtain the watch on or before August 3, 2015 and provide it to the FBI or directly to the Clerk of Court.

Docket No. 15 CR 252 (RJD)

PAGE 5 OF 5

## ORDER SETTING CONDITIONS OF RELEASE AND BOND

Defendant: Jeffrean Webb

Amount of Bond: $ 10 million

Each of the following additional surety or sureties acknowledges and agrees to pay the bond on the first page of this Order Setting Conditions of Release and Bond and, to the extent indicated below, to securing the bond with his/her/their interest in the property or properties described below:

| Surety | Address | Date | Acknowledged Before |
|---|---|---|---|
| Phyllis Bones | [redacted] | | USMJ |
| John Bodden | | | USMJ |
| Delroy Webb | | | USMJ |
| Marjorie Webb | | | USMJ |
| India Beckford | | | USMJ |
| Carl Webb, Jr. | | | USMJ |

Signed and Acknowledged
by all the above sureties
before me on _____, 20___    _____, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties:

Premises located at: _____

Owned by: _____

Premises located at: _____

Owned by: _____

Premises located at: _____

Owned by: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CASE NO. 15 Cr. 252 (E.D.N.Y)

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JEFFREY WEBB, et al,

                Defendant.
_____/

# Exhibit "B"

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jeffrey Webb, et al. | ) | Case No. 15 Cr. 252 (E.D.N.Y.) |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Jeffrey Webb _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

    ( X )    to appear for court proceedings;
    ( X )    if convicted, to surrender to serve a sentence that the court may impose; or
    ( X )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)  This is a personal recognizance bond.

( X ) (2)  This is an unsecured bond of $ 10,000,000.00 _____ .

(   ) (3)  This is a secured bond of $ _____ , secured by:

    (   ) (a) $ _____ , in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it -- such as a lien, mortgage, or loan -- and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 7/20/15

_____          _____
              John Bodden                          *Defendant's signature*
*Surety/property owner – printed name*

                                            _____
_____            *Surety/property owner – signature and date*
*Surety/property owner – printed name*

                                            _____
_____            *Surety/property owner – signature and date*
*Surety/property owner – printed name*

                                            _____
                                            *Surety/property owner – signature and date*

                        CLERK OF COURT

Date: _____                       _____
                                            *Signature of Clerk or Deputy Clerk*

Approved.

Date: _____                       _____
                                            *Judge's signature*

# INDEMNITY AGREEMENT
# ON BEHALF OF THE UNITED STATES OF AMERICA
# EASTERN DISTRICT OF NEW YORK

### 1. INDEMNITOR'S FULL NAME, ADDRESS AND RELATED INFORMATION

Full Name: **JOHN WILLIS BODDEN**       Home Phone (**954**)

Current Home Address
Mailing Address
  Street             City        State       Zip Code
  Street or P.O. Box City        State       Zip Code

Date of Birth /             Social Security No /           Beeper

Relationship to Defendant: **UNCLE**       Cell Phone:

### 2. INDEMNITOR'S EMPLOYMENT INFORMATION

Occupation                          Work Phone ( )
Name of Employer                    Supervisor
Employment Address
  Street              City       State       Zip Code

### 3. INDEMNITOR'S SPOUSE INFORMATION

**✓** Married ___ Single ___ Divorced ___ Widowed ___ Separated ___ Girlfriend/Boyfriend ___ Cohabitant

Spouse's Full Name **OLIVE BEVERLY BODDEN**   Date of Birth
**RETIRED**        SSN
Occupation                     Name of Employer
Work Number                    Beeper/Cell

### 4. REFERENCES (not living with you)

Name **THELMA PHIPPS**         Relationship **SISTER IN LAW**  Home
Address                              Work Phone
Name **RYNLEE W THOMPSON**    Relationship **NEICE**         Home
Address                              Work Phone
Name                                 Relationship                   Home
Address                              Work Phone

**WHEREAS, THE UNITED STATES OF AMERICA EASTERN DISTRICT OF NEW YORK**, (hereinafter collectively referred to as "USA") at the request of the undersigned Indemnitor(s), and upon the security hereof, has, or is about to become "Personal Surety" on an appearance bond for **Jeffrey Webb**, (hereinafter called the Defendant/Principal) in the sum of **$10,000,000.00 PSB** by its certain bond or undertaking in the United States of America vs. Jeffrey Webb, a copy of which is attached hereto and made a part hereof;

**NOW THEREFORE**, in consideration of the premises and the sum of one dollar in hand paid, receipt whereof by each of us is hereby acknowledged, the undersigned do/does hereby undertake, agree and bind themselves, their representatives, successors and assigns, as follows:
1. That for good and valuable consideration, the undersigned principal and/or Indemnitor (s) agree (s) to indemnify and hold harmless the "USA" or its Agent for all losses not otherwise prohibited by law or by rules of the Department of Insurance. The indemnitors will at all times indemnify and save the "USA" harmless and against any and all claims, demands, liabilities, costs, charges, counsel fees, expenses, suits, orders, judgments or adjudications whatsoever which the "USA" shall or may for any cause sustain or incur, by reason of "USA" having executed said Bond or undertaking, and will, upon demand, place the "USA" in funds in funds to meet all such claims, demands, liabilities, costs, charges, counsel fees, expenses, suits orders, judgments or adjudications against it, by reason of its "suretyship", and before the "USA" shall be required to pay the same.
2. That the undersigned will have the DEFENDANT forthcoming before the court named in said bond, attached hereto, at the time therein fixed, from day to day and term to term thereafter, as may be ordered by the said court.

Indemnitor's Initials: _____

Indemnity Agreement
Page 2 of 2

3. That the undersigned will at all times indemnify and save "USA" and its Agents, harmless from and against every and all claims, demands, liability, cost, charge, counsel fee, expense, suit order, judgement or adjudication whatsoever which the said "USA" and / or its Agent shall or may for any cause at any time sustain or incur by reason or in consequence of the said "USA" having executed said bond or undertaking, and will, upon demand, place the said "USA" and/or its Agent in funds to meet every claim, demand, liability, cost, charge, counsel fee, expense, suit order, judgement or adjudication against it, by reason of such suretyship, and before it or its Agent shall be required to pay the same. The undersigned Indemnitor(s) hereby specifically authorize the release of a credit report to the "USA" for the purposes of this bail bond.
4. The condition of this Indemnity Agreement provides that as long as there is any liability or loss of any nature whatsoever to the "USA" upon the bond referred to herein, the undersigned will not make any transfer, or any attempted transfer of any of the property, real or persona given as security or which the undersigned may subsequently acquire or any interest therein, and it is further agreed that the "USA" and its Agent shall have a lien upon all property of the undersigned for any sums due it for which it has become, or may become, liable by reason of its having executed the bond referred to herein.
5. The voucher or any other evidence of any payment made by the said "USA" and/or its Agent, by reason of such suretyship, shall be conclusive evidence of such payment against the undersigned and the undersigned's estate both as to the property thereof and as to the extent of the liability thereof to the said "USA" plus costs. if any.
6. That the said "USA" and/or its Agent may withdraw form its suretyship upon the said bond or undertaking at any time that it may see fit, as provided by law.
7. That the Agreement shall not be returned by the said "USA" and/or its Agent, at the time it shall be satisfied of the termination of its liability under said bond or obligation, but shall be retained.
8. Should the Principal/Defendant forfeit bail or become a flight risk at any time (as determined by the "USA") and the "USA" be required to locate, arrest and surrender said Principal/Defendant, the Indemnitor(s) jointly and severally hereby waive his or her rights with respect to the Privacy Act and the Fair Credit Reporting Act. Indemnitor(s) specifically authorize the use of a credit report to gather information and acknowledges that the "USA" may use whatever means may be necessary to secure the Principal/Defendant's return to the proper court of jurisdiction, and acknowledges that the use of force. when necessary, may be used to effect such return. The Indemnitor(s) jointly and severally authorize the use of copies of this document by the "USA" and /or its Agents and duly authorized representatives to effect such apprehension and return.
9. That the failure of any of the undersigned to comply with the provisions of this Indemnity Agreement shall be binding upon the others.
10. If any provision or provisions of this instrument be void or unenforceable under the laws of any place governing its construction and enforcement, this instrument shall be void or vitiated thereby but shall be construed and enforced with the same effect a though such provision or provisions were omitted.

IN WITNESS WHEREOF, the undersigned have duly executed these presents this ___day of July, 2015..

_____                    _____
Witness                                        John Bodden

_____                    _____
Witness

State of Florida:
County of _____ :

On this ___ day of July, 2015, before me personally appeared **John Bodden**, to me well known to be the person(s) described in or who has produced B-350-479-38-428-0 as identification and who executed the foregoing instrument and he acknowledge to me that he executed the same.

_____
Notary Public in the state and county aforesaid.

SEAL

DA'SHAUN WATKINS
MY COMMISSION # EE190272
EXPIRES April 17, 2016
(407) 398-0153   FloridaNotaryService.com







*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 7/20/15

*Defendant's signature*

Delroy Webb
*Surety/property owner – printed name*

*Surety/property owner – signature and date*

DELROY WEBB
*Surety/property owner – printed name*

*Surety/property owner – signature and date*

*Surety/property owner – printed name*

*Surety/property owner – signature and date*

### CLERK OF COURT

Date: _____

*Signature of Clerk or Deputy Clerk*

Approved.

Date: _____

*Judge's signature*