

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK, NY 10019-6131
TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

**By ECF and Federal Express**

Direct Dial: +1 212 878 3439
E-mail: edward.ocallaghan@cliffordchance.com

August 27, 2015

The Honorable Raymond J. Dearie
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Jeffrey Webb, et al., 15 Cr. 252 (RJD)

Dear Judge Dearie:

We write to respectfully request modifications to Mr. Webb's bail conditions to: (i) allow him to reside at his home in Loganville, Georgia under the same conditions of electronic monitoring, home detention and security detail monitoring currently in place; and (ii) add two sureties to the bond. Subject to the conditions noted more fully herein, the United States Attorney's Office does not oppose the requested modifications, so long as the two additional approved sureties execute the modified bond order within 7 days of the Court's approval of these requested modifications.

The current bail conditions that were set at Mr. Webb's arraignment on July 18, 2015 require, among other things, that Mr. Webb maintain a residence within twenty miles of the United States District Court for the Eastern District of New York; that he be subject to home detention, and electronic monitoring; and that his physical location is monitored 24 hours per day, 7 days per week by a private security service paid for by Mr. Webb. (A copy of the current bond order is attached hereto as Exhibit 1 for the Court's convenience). The $10 million personal recognizance bond is also secured by 10 sureties on the bond, 10 separate real properties posted by Mr. Webb, his wife and other co-signers, and other personal assets posted by Mr. Webb and his wife. Mr. Webb complied with all of the bail conditions on a timely basis, and for the last month has complied with all his conditions of release and instructions from Pretrial Services.

The costs associated with maintaining his residence in close proximity to this courthouse and paying for the required security detail for the month that Mr. Webb has been in the United States are now posing extraordinary financial and logistical burdens on Mr. Webb and his immediate family, who reside in Loganville, Georgia, near Atlanta. This financial burden is worsened by the fact that nearly the entirety of Mr. and Mrs. Webb's cash savings is maintained in bank accounts that are encumbered as a result of the Indictment and forfeiture allegations in this case. Allowing

Mr. Webb to reside in his Georgia home with his family will eliminate the costs associated with his maintaining a residence in New York and travel costs incurred by his family who have been traveling between New York and Atlanta. Additionally, we expect that the costs for maintaining the security detail in Georgia, rather than New York, will be somewhat lower. Mr. and Mrs. Webb also hope that with Mr. Webb residing in their Georgia home, he will be able to care for their one-year old son on a daily basis, which will allow Mrs. Webb to significantly enhance her ongoing job search for a position as a practicing physician.

After consulting with the United States Attorney's Office, we understand that they do not oppose the requested bond modification subject to the following conditions: 1) upon transfer of supervision to the Northern District of Georgia, Mr. Webb will reside in his Georgia home under the same home detention, electronic monitoring and security detail monitoring conditions to which he is currently subject; 2) two additional sureties who have already been approved by the Government are added to the bond, for a total of 12 sureties on the bond; and 3) any transfer of supervision to the Northern District of Georgia will not occur until a date after September 1, 2015, as approved by Pretrial Services in this district and in the Northern District of Georgia, to permit coordination between the two districts regarding Mr. Webb's supervision. In addition, in the event Pretrial Services in the Northern District of Georgia requires or requests any additional bond modifications specific to their supervision of Mr. Webb, the parties will contact the Court regarding the same prior to the transfer of supervision.

Finally, we represent to the Court that these proposed modifications to the original bond have been explained to each of the 10 original sureties and each have indicated that they are agreeable to these proposed changes.

For the foregoing reasons, and given that there is no government objection to this proposal, we respectfully request that the Court approve the requested modifications.

Respectfully submitted,

_/s/ Edward C. O'Callaghan_
Edward C. O'Callaghan
Ernie Gao

Encl.

cc: United States Attorney's Office, Eastern District of New York (by ECF)
Pretrial Services Office, Eastern District of New York (by email)