*United States District Court*
**EASTERN DISTRICT OF NEW YORK**

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS |
| --- | --- |
| v. | OF RELEASE AND BOND |
| JOSE MARIA MARIN | Case No.: 15 CR 252 (RJD) |
| Defendant | |

### RELEASE ORDER

15,000,000

It is hereby ORDERED that the above-named defendant be released as follows, subject to the Standard Conditions of Bond on the reverse and:
[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
[ ] Upon **Unsecured Bond** executed by defendant in the amount of $_____, or
[✓] Upon **Secured Appearance Bond** as provided herein.

### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[✓]1. The defendant must remain in and may not leave the following areas without Court permission: **See Attachment A**

[✓]2. The defendant shall avoid all contact and not associate with any of the following persons or entities: **See Attachment A**

[✓]3. The defendant shall avoid and not go to any of the following locations: **See Attachment A**
[✓]4. The defendant shall surrender any and all passports to the ~~U.S. Pretrial Services Agency~~ **FBI** by **11/3/2015** and shall not apply for any other passport.
[✓]5. Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and
 [✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work;    **as directed by PTS**
 [✓] must report to that agency ( ) in person _____ times per _____ and/or ( ) by telephone _____ times per _____;
 [ ] is subject to home detention with electronic monitoring with the following conditions: _____

[ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.
[✓] must pay the cost of treatment and/or (electronic monitoring) by with personal funds and/or insurance.

[✓]6. Other Conditions: **See Attachment A**

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ **15,000,000**. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $ _____;
[✓] premises located at: **See Attachment B** owned by _____
[ ] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____.

[✓] Other Conditions: **See Attachments A + B**

_____ Address: _____
Surety

_____ Address: _____
Surety

_____ Address: _____
Surety

The Court has advised the defendant of the conditions of release per 18:3142(h)(1) and (h)(2). This bond is conditioned upon the appearance of the defendant and is subject to the Standard Conditions of Bond set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.
I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth on the reverse of this form.

Release of the Defendant is hereby ordered on **11/3**, 20**15**

/s/ Judge Raymond J. Dearie , USDJ

_____ Signature of Defendant

[✓] Distribution: White - Original    Canary - Courtroom Deputy    Pink - Pretrial Services    Goldenrod - Defendant

# ATTACHMENT A

1. The defendant must remain in and may not leave the Eastern and Southern Districts of New York. See additional conditions in paragraph 5, below.

2. The defendant will not directly or indirectly associate or have contact with his co-defendants or any individual employed by or associated with the following entities: (i) any sports marketing company identified in the indictment in this case, including without limitation Torneos y Competencias S.A., Full Play S.A. and the Traffic Group or any subsidiary or affiliates of the foregoing companies; (ii) CONCACAF and any affiliated or constituent entity; (iii) CONMEBOL and any affiliated or constituent entity; and (iv) FIFA and any affiliated or constituent entity.

3. See paragraph 5, below.

4. The defendant shall surrender any and all passports to the FBI.

5. The defendant is subject to electronic monitoring and home detention at a residence approved by the FBI and the Office of Pretrial Services ("PTS"). The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS, except that the defendant may leave his residence without prior approval for medical emergencies. Attorney visits, court dates, religious services, and shopping for food and other necessities may be undertaken with notice to the FBI and PTS. Both PTS and the FBI shall receive any electronic monitoring alerts. The cost of the electronic monitoring shall be borne solely by the defendant.

6. A private security service, approved by the U.S. Attorney's Office and the FBI, will monitor the defendant's physical location and provide security 24 hours per day, 7 days per week. The private security service shall accompany the defendant during all transit to and from his residence. The defendant may have private meetings with his counsel of record in this case with the security service in sufficiently close proximity to perform its duties. Defendant is subject to video surveillance, 24 hours a day, 7 days per week, at the doors of his residence and other points of entrance. The costs of the video surveillance shall be borne solely by Defendant.

## **ATTACHMENT B**

The appearance bond shall be secured by:

1. Corporate Surety Bond payable to the United States of America in the sum of $2 million, to be posted with the Court by Friday, November 6, 2015.

2. $1 million cash to be deposited with the Clerk of the Court by Friday, November 6, 2015.

3. Real Property securing the appearance bond: A mortgage in favor of the United States of America on the Residential Unit (the "Unit") known as Unit No.       in the premises known as                          and by the street numbers .                          , City and State of New York, to be posted by Nov. 6, 2015.