DSS:EMN/SPN/KDE/BDM
F.#2015R00747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOSÉ MARGULIES,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

SEALED PRELIMINARY
ORDER OF FORFEITURE

15 CR 252 (RJD)

WHEREAS, on or about November 25, 2015, JOSÉ MARGULIES (the "defendant"), entered a plea of guilty to Counts One, Five, Thirty-Nine and Forty of the above-captioned Indictment, charging violations of 18 U.S.C. § 1962(d), 18 U.S.C. § 1956(h) and 18 U.S.C. § 1349;

WHEREAS, the defendant acknowledges that money and property are subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1962(d), 1349 and 1956(h), as alleged in the Indictment; and

WHEREAS, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of the sum of nine million two hundred seventy thousand dollars and no cents ($9,270,000.00) in United States currency (the "Forfeiture Money Judgment"), and all right, title, and interest in: (a) any and all funds on deposit in EFG Bank account number 548542 held in the name of Somerton Ltd., and all proceeds traceable thereto; (b) any and all funds on deposit in J.P. Morgan Chase Bank account number 739144642 held in the name of Valente Corp., and all proceeds traceable thereto; (c) any and all funds on

deposit in J.P. Morgan Chase Bank account number 400584549 held in the name of Valente Corp., and all proceeds traceable thereto; (d) any and all funds on deposit in J.P. Morgan Chase Bank account number 9491569332 held in the name of Valente Corp. (the "Valente 9332 Chase Account"), and all proceeds traceable thereto; and (e) any and all funds on deposit in J.P. Morgan Chase Bank account number M47929001 held in the name of ManzanitaStreet Holdings Ltd., and all proceeds traceable thereto (items (a) – (e), collectively, the "Forfeited Accounts"), subject to the limitations relating to the Excess Amount as defined in paragraph 2, which represent fees the defendant earned for his role as an intermediary for the payment of bribes and kickbacks, as well as profits that the defendant made from certain contracts he obtained in connection with the same tournaments and matches for which he served as an intermediary for the payment of bribes and kickbacks, as property: (i) that the defendant acquired an interest in or maintained in violation of 18 U.S.C. § 1962; (ii) that the defendant has an interest in, security of, claims against, or property or contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962; (iii) constituting, or derived from proceeds obtained, directly or indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); (iv) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and (v) property, real or personal, involved in the defendant's violations of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

3

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and the Forfeited Accounts, pursuant to 18 U.S.C. §§ 1963(a) and (m), 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2.      The defendant consents to the immediate seizure of the Forfeited Accounts by or on behalf of the United States and agrees to execute any documents necessary to effectuate the seizure.   The value of the Forfeited Accounts shall be credited towards the defendant's payment of the Forfeiture Money Judgment.   In the event that the total sum of funds forfeited from the Forfeited Accounts exceeds the amount of the Forfeiture Money Judgment (the "Excess Amount"), the defendant agrees that, at the time the defendant pleads guilty pursuant to his agreement with the government, he will post the Excess Amount from the Valente 9332 Chase Account as security for any bond, among other terms and conditions, that the Office and the defendant jointly propose to the Court to secure the defendant's release pending sentencing (the "Bond"), and consents to the release and retention of the Excess Amount from the Valente 9332 Chase Account as security for any such bond in the manner directed by the Court.   Upon receipt of this Order, together with notice of the Excess Amount as computed by the United States, which may be amended upon receipt of additional information as to the balances of the Forfeited Accounts, JP Morgan Chase Bank shall transfer to the Clerk of Court the Excess Amount from the Valente 9332 Chase Account as security for the Bond.

3.      The defendant shall pay the full amount of the Forfeiture Money Judgment no later than one year following the date of the execution of his agreement with the government

4

(the "Due Date").   In the event that the defendant is sentenced prior to the Due Date, the defendant

shall pay the Forfeiture Money Judgment in full on or before the date of the defendant's

sentencing.

       4.      The defendant acknowledges that the Office, at its sole discretion, may seek

to forfeit the Forfeited Accounts and the amount of the Forfeiture Money Judgment through

commencement of an administrative or civil forfeiture proceeding.   The defendant consents to the

entry of an administrative declaration of forfeiture as to the Forfeited Accounts and any payments

made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983

regarding notice of seizure in non-judicial forfeiture matters.   The defendant  further waives the

filing of a civil forfeiture complaint as to the Forfeited Accounts and any payments made towards

the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983.

The defendant agrees to execute any documents necessary to effectuate the administrative or civil

forfeiture of the Forfeited Accounts and any payments made towards the Forfeiture Money

Judgment.

       5.      All payments towards the Forfeiture Money Judgment shall be made by

certified or bank check, payable to the United States Marshals Service, and delivered by hand or

overnight courier on or before the Due Date to Assistant United States Attorney Brian Morris,

United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn,

New York 11201, with the criminal docket number noted on the face of the checks.   The

defendant acknowledges that the Forfeited Accounts and all funds paid by the defendant pursuant

to this paragraph, shall be subject to a restitution hold to ensure their availability to satisfy any

order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as

victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A.   In the event that the Court

enters an order of restitution for the benefit of any such victim or victims at the time of sentencing,

the Office may request remission or restoration by the Attorney General or her designee of the

Forfeited Accounts and funds paid by the defendant pursuant to this paragraph, up to the total

amount of the restitution ordered, in accordance with the provisions of 18 U.S.C. § 1963(g), 21

U.S.C. § 853(i), and 28 C.F.R. Part 9.   The defendant acknowledges that the decision to grant

remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney

General or her designee and that, only if granted, will such funds be transferred to the Clerk of

Court in full or partial satisfaction of the order of restitution.

      6.     If any payments towards the Forfeiture Money Judgment are not paid on or

before the Due Date, interest shall accrue on any unpaid portion thereof from that date at the

judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2).   If the defendant fails to pay any

portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the

forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment,

pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act,

or any other applicable law.

      7.     Upon entry of this Order, the United States Attorney General or her

designee is authorized to seize the Forfeited Accounts and to conduct any proper discovery, in

accordance with Fed. R. Crim. P. 32.2(b)(3) and (c) and to commence any applicable proceeding

to comply with statutes governing third-party rights, including giving notice of this order.

      8.     The United States shall publish notice of this Preliminary Order, in

accordance with the custom and practice in this district, on the government website

www.forfeiture.gov, of its intent to dispose of the Forfeited Accounts in such a manner as the Attorney General of her designee may direct.   The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Accounts as a substitute for published notice as to those persons so notified.

9.     Any person, other than the defendant, asserting a legal interest in the Forfeited Accounts may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Accounts, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and 18 U.S.C. § 1963(l).   Any petition filed in response to notice of the forfeiture of the Forfeited Accounts must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

10.     The defendant agrees to fully assist the government in effectuating the forfeiture of the Forfeited Accounts and the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title of the Forfeited Accounts or any substitute assets to the United States.   The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Accounts or any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

11.     The failure of the defendant to forfeit any monies and/or properties as required herein, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the government.   Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

12.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information.   In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.   The defendant agrees that the forfeiture of the Forfeited Accounts and the entry or payment of the Forfeiture Money Judgment is not to be considered a fine, penalty, restitution loss amount, or any income taxes or civil penalties that may be due and shall survive bankruptcy.

13.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture is hereby made final as to the defendant.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(B) this Order shall be made part of the defendant's sentence and included in his judgment of conviction.   If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P.

32.2(c)(2).   At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

      14.   The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

      15.   This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

      16.   The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

      17.   The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
     Dec. 1     , 2015

                                 S/Brian M. Cogan

                      HONORABLE BRIAN M. COGAN
                      UNITED STATES DISTRICT JUDGE
                      EASTERN DISTRICT OF NEW YORK