DSS:EMN/SPN/BDM
F.#2015R00747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ALEJANDRO BURZACO,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

SEALED PRELIMINARY
ORDER OF FORFEITURE

15 CR 252 (RJD)

      WHEREAS, on or about November 16, 2015, ALEJANDRO BURZACO (the "defendant"), entered a plea of guilty to Counts One, Thirty-Nine, and Forty of the above-captioned Indictment, charging violations of 18 U.S.C. § 1962(d), 18 U.S.C. § 1349 and 18 U.S.C. § 1956(h);

      WHEREAS, the defendant acknowledges that money and property are subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1962(d), 1349 and 1956(h), as alleged in the Indictment; and

      WHEREAS, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of the following: (a) the sum of twenty-one million six hundred ninety-four thousand four hundred eight dollars and forty-nine cents ($21,694,408.49), which represents profits that the defendant made from certain contracts obtained and/or retained through the payment of bribes and/or kickbacks in connection with the Copa Libertadores, Copa Sudamericana, Recopa Sudamericana, and Copa America tournaments from in or about and between 2008 and 2015 (the "Sum Certain"),

2

████████████████████████████████████████████████ (collectively, the "Forfeiture Money Judgment"); (b) all right, title and interest in the property listed in Exhibit A (the "First Set of Assets"); and (c) all right, title and interest in the property listed in Exhibit B, a separate document to be maintained in the files of the Office (the "Second Set of Assets," and, together with the First Set of Assets, the "Forfeited Assets") as property: (i) that the defendant acquired an interest in or maintained in violation of 18 U.S.C. § 1962; (ii) that the defendant has an interest in, security of, claims against, or property or contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962; (iii) constituting, or derived from proceeds obtained, directly or indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); (iv) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and (v) property, real or personal, involved in the defendant's violations of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and the Forfeited Assets, pursuant to 18 U.S.C. §§ 1963(a) and (m), 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

3

2. The defendant consents to the immediate seizure of the Forfeited Assets by or on behalf of the United States and agrees to execute any documents necessary to effectuate the seizure.

3. The defendant agrees to pay the full amount of the Forfeiture Money Judgment ████████████████████████████████ ████████ on or before the date of the defendant's sentencing (the "Due Date").

4. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeited Assets and the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to the Forfeited Assets and any payments made towards the Forfeiture Money Judgments and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to the Forfeited Assets and any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of the Forfeited Assets and any payments made towards the Forfeiture Money Judgment. The value of the First Set of Assets shall not be credited towards the payment of the Forfeiture Money Judgment. Upon final forfeiture of the Second Set of Assets to the United States, the value thereof shall be credited towards payment of the Forfeiture Money Judgment.

5. All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or before the Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn,

New York 11201, with the criminal docket number noted on the face of the checks. The defendant acknowledges that all funds paid by the defendant pursuant to this paragraph, shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or her designee of the funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 18 U.S.C. § 1963(g), 21 U.S.C. § 853(i), and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

6. If any payments towards the Forfeiture Money Judgments are not paid on or before the Due Date, interest shall accrue on any unpaid portion thereof, less the amount of any funds encumbered to secure the defendant's appearance bond, from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2). If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property up to the amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

7. Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the Forfeited Assets and to conduct any proper discovery, in

5

accordance with Fed. R. Crim. P. 32.2(b)(3) and (c) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this order.

8. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General of her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and 18 U.S.C. § 1963(l). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

10. The defendant agrees to fully assist the government in effectuating the forfeiture of the Forfeited Assets and the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title of the Forfeited Assets or any substitute assets to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets or any property

against which the government seeks to execute the Forfeiture Money Judgments in any administrative or judicial proceeding.

11. The failure of the defendant to forfeit any monies and/or properties as required herein, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines. The defendant agrees that the forfeiture of the Forfeited Assets and the entry or payment of the Forfeiture Money Judgment is not to be considered a fine, penalty, restitution loss amount, or any income taxes or civil penalties that may be due and shall survive bankruptcy.

13. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture is hereby made final as to the defendant. Pursuant to Fed.R. Crim. P. 32.2(b)(4)(B), this Order shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P.

7

32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

      14. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

      15. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

      16. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

      17. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      11/23, 2015

                      HONORABLE RAYMOND J. DEARIE
                      UNITED STATES DISTRICT JUDGE
                      EASTERN DISTRICT OF NEW YORK

Exhibit A

ANY AND ALL FUNDS ON DEPOSIT IN BANK HAPOALIM ACCOUNT NUMBER CH040828170441801000U HELD IN THE NAME OF DATISA S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CREDIT SUISSE ACCOUNT NUMBER CH7705065066938942000 HELD IN THE NAME OF ELAL LTD, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BANK JULIUS BAER ACCOUNT NUMBER CH0508515030922842001 HELD IN THE NAME OF FPT SPORTS S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CREDIT SUISSE ACCOUNT NUMBER 8033342099 HELD IN THE NAME OF T&T SPORTS MARKETING LTD, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CREDIT SUISSE (FORMERLY CLARIDEN LEU) ACCOUNT NUMBER CH8305065185262332 HELD IN THE NAME OF TT SPORTS MARKETING LTD, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN CREDIT SUISSE ACCOUNT NUMBER 00659693038 HELD IN THE NAME OF TORNEOS Y COMPETENCIAS, S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN ING BANK ACCOUNT NUMBER 0020081375 HELD IN THE NAME OF TORNEOS TRAFFIC SPORTS MARKETING, AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN ABN AMRO ACCOUNT NUMBER 242069819 HELD IN THE NAME OF TYC INTERNATIONAL B.V., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN BANCO BILBAO VIZCAYA ARGENTARIA ACCOUNT NUMBER 7584831 HELD IN THE NAME OF PRODUCTORA DE EVENTOS S.A., AND ALL PROCEEDS TRACEABLE THERETO;

ANY AND ALL FUNDS ON DEPOSIT IN INTERAUDI BANK ACCOUNT NUMBER 723621 HELD IN THE NAME OF PRODUCTORA DE EVENTOS S.A., AND ALL PROCEEDS TRACEABLE THERETO; and

ANY AND ALL FUNDS ON DEPOSIT IN INTERAUDI BANK ACCOUNT NUMBER 724093 HELD IN THE NAME OF T&T SPORTS MARKETING LTD., AND ALL PROCEEDS TRACEABLE THERETO.