

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 28, 2016

By Hand and ECF

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Alfredo Hawit et al.
                Criminal Docket No. 15-252 (S-1) (RJD)

Dear Judge Dearie:

        The government respectfully submits this letter to provide the Court with a brief case update in advance of the status conference scheduled for March 29, 2016 for the defendant Juan Ángel Napout. At the status conference the government will request, in an abundance of caution, that the Court exclude the time from March 16, 2016 to April 13, 2016, on the bases set forth in the government's letter of March 16, 2016, although there is no dispute that time continues to be automatically excluded under 18 U.S.C. § 3161(h)(6) given that Napout is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted. (See Docket Entry No. 264). The government will further request that the Court make any rulings concerning the case schedule – including setting a coordinated briefing schedule for anticipated motions – at the general status conference set for April 13, 2016, after all present defendants have had an opportunity to be heard.

I.    Case Update

        Since the last status conference, held on December 16, 2015, the government has been engaged in providing voluminous discovery and in plea negotiations with multiple defendants. Such negotiations have borne fruit: the government expects that one of the indicted defendants, Rafael Callejas, will plead guilty before the Honorable Robert M. Levy later today, and a defendant in a related case, Miguel Trujillo, pleaded guilty before Your Honor on March 8, 2016.

        The following table reflects the status of the 10 defendants in the United States, all of whom have been released on bond, who are currently scheduled to appear before the Court at the general status conference for all defendants set for April 13, 2016. All but two of the

defendants, Aaron Davidson and Héctor Trujillo, were in foreign countries when the charges against them were unsealed, and through formal extradition or other process have now appeared before the Court. These 10 defendants are listed below in order of the dates of their arraignment in this district:

| Def. No. | Name | Date of Arraignment in EDNY |
|---|---|---|
| 11 | Aaron Davidson | May 29, 2015 |
| 8 | Jose Maria Marin | November 3, 2015 |
| 17 | Rafael Callejas | December 15, 2015 |
| 22 | Juan Ángel Napout | December 15, 2015 |
| 2 | Eduardo Li | December 18, 2015 |
| 20 | Héctor Trujillo | December 30, 2015 |
| 15 | Alfredo Hawit | January 13, 2016 |
| 18 | Brayan Jimenez | March 2, 2016 |
| 7 | Rafael Esquivel | March 8, 2016 |
| 4 | Costas Takkas | March 22, 2016 |

As the table reflects, the government has made substantial progress toward bringing the indicted defendants to the United States to face these charges. While a small handful of defendants are believed to be in countries that do not extradite their nationals, the government is actively seeking the extradition or arrest of all defendants still overseas and will be prepared, after consulting with the Justice Department's Office of International Affairs, to discuss the current status of these efforts at the April 13 status conference.

II.     Napout's "Speedy Trial" Motion

On Friday, March 25, 2016, defendant Napout filed a "Motion for Speedy Trial or, in the Alternative, Motion to Set a Trial Date." (Docket Entry No. 277). Napout – at the time of his arrest in December a FIFA vice president, the president of CONMEBOL, and one of the most powerful soccer officials in the world – suggests, without legal support, that the Court should consider him separately from the other defendants so that he does not have to "remain with the sword of Damocles over his head." (Id. at 5). Nowhere in his motion, however, does he challenge the well-settled rule that cases involving multiple defendants are governed by a single speedy trial clock, which has not begun to run in this case because Napout is joined for trial with a number of codefendants who remain overseas. See 18 U.S.C. § 3161(h)(6); United States v. Vasquez, 918 F.2d 329, 337 (2d Cir. 1990) (Section 3161(h)(6) "imposes a unitary time clock on all co-defendants joined for trial"); United States v. Pena, 793 F.2d 486, 489 (2d Cir. 1986). As the Second Circuit has explained, the purpose of Section 3161(h)(6) is to ensure that the Speedy Trial Act "does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under Section 3161." Pena, 793 F.2d at 489. For this reason, as Napout himself acknowledges (see Docket Entry No. 277 at 8), a defendant may challenge a delay caused by a codefendant only after the complaining defendant makes a motion for severance, and, if denied, may then only challenge the delay as unreasonable. United States v. Cephas, 937 F.2d 816, 822 (2d Cir. 1991); Vasquez, 918 F.2d at 337; see also United States v. Van Sichem, No. 89 CR. 813

(KMW), 1990 WL 41746, at *2 (S.D.N.Y. Apr. 2, 1990) (assessing the reasonableness of a delay caused by a co-defendant's pending extradition "in light of the strong presumption in favor of joint trials").

In short, Napout has not presented any basis or authority that would allow the Court to consider his request for a "speedy trial," or alternatively for a trial date, separately from his codefendants with whom he is joined, absent the granting of a motion for severance, which has not been made let alone granted.[1]  Accordingly, the government respectfully requests that the Court deny Napout's motion as premature.  If the Court is inclined to set a briefing schedule for Napout's anticipated severance motion, the government respectfully submits that the Court should set a coordinated briefing schedule for the case at the April 13, 2016 status conference after hearing from each of the defendants, many of whom also may intend to file motions.  In addition, notwithstanding the fact that the unitary speedy trial clock has not yet begun to run, the government requests in an abundance of caution that the Court exclude the time from March 16, 2016 to April 13, 2016, on the bases set forth in the government's letter of March 16, 2016.

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney

By:    /s/
        Evan M. Norris
        Samuel P. Nitze
        M. Kristin Mace
        Tanya Hajjar
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Counsel of record (by ECF)
        Clerk of Court (RJD) (by ECF)

---

[1]  Napout's other arguments concerning speedy trial matters, including the argument that the case against him "cannot be deemed complex" (Docket Entry No. 277 at 6), either miss the point – case complexity is judged with respect to the case as a whole, see 18 U.S.C. § 3161(h)(7)(B)(ii) – or are simply wrong.  The government will be prepared to address these points at tomorrow's status conference if additional argument would be useful for the Court.