JDG:PT/KDE/SPN/MKM
F.#2015R00747


FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 02 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

HECTOR TRUJILLO,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

15 CR 252 (S-1) (PKC)

WHEREAS, on or about June 2, 2017, HECTOR TRUJILLO (the "defendant") entered a plea of guilty to Counts Forty-Two and Forty-Five of the above-captioned superseding Indictment, charging violations of 18 U.S.C. §§ 1349 and 1343;

WHEREAS, the defendant acknowledges that money and property is subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1349 and 1343, as alleged in the Indictment; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of the sum of one hundred seventy-five thousand dollars and no cents ($175,000.00) (the "Forfeiture Money Judgment"), which represents kickbacks that the defendant received in connection with certain media and marketing rights contracts awarded by the Guatemalan soccer federation, as property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. §§ 1343 and 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2. All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or before the Applicable Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks. The defendant shall pay the sum of fifty thousand dollars and no cents ($50,000.00) towards the Forfeiture Money Judgment within four weeks following the date of his agreement with the government (the "Initial Due Date") which, to the extent that the Court approves any reduction in the amount of the defendant's bail upon any joint application of the parties, may be paid in whole or in part out of any funds released by the Clerk of Court that were previously securing the defendant's appearance. The defendant shall pay the remaining balance of the Forfeiture Money Judgment in full within six (6) months from the date of his agreement with the government or by the date of his sentencing, whichever is earlier (the "Second Due Date" and, together with the Initial Due Date, the "Applicable Due Date").

3. If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2) (the "Judgment Rate").

3

Beginning on the date of sentencing, interest shall accrue at the Judgment Rate on any unpaid balance of the Forfeiture Money Judgment. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the outstanding amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

4. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgment.

5. The defendant acknowledges that all funds paid by the defendant pursuant to this paragraph, shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or his or her

designee of all funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 18 U.S.C. § 1963(g), 21 U.S.C. § 853(i) and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such property lies within the sole and exclusive discretion of the Attorney General or his or her designee and that, only if granted, will such property be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

6. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding, including, but not limited to the forfeiture of any assets held by the defendant that may be forfeited to satisfy the Forfeiture Money Judgment. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment.

7. The failure of the defendant to forfeit any monies as required hereunder, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

8. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

9. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

10. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall hereby become final as to the defendant and shall be made part of the defendant's sentence and included in his judgment of conviction. This Order, together with supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

13. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

15. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

16. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order of Forfeiture to the United States Attorney's Office, Eastern District of New York, Attn: FSA Paralegal Nicole Brown, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       June 2, 2017

s/PKC

_____
HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK