

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PT:KTF                                    *271 Cadman Plaza East*
F. #2015R00707                            *Brooklyn, New York 11201*

November 29, 2017

<u>By ECF and Hand</u>

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Héctor Trujillo
             <u>Criminal Docket No. 15-252 (S-1) (PKC)</u>

Dear Judge Chen:

      The government respectfully writes pursuant to the instructions the Court issued during the above-listed defendant's sentencing hearing on October 25, 2017. Specifically, following the Court's imposition of a sentence that included a finding that the defendant would be required to pay restitution of $415,000, the Court directed the government to provide additional information relating to restitution. Specifically, the Court requested that the government address three issues: (1) to whom the Court should order the defendant to pay restitution, since the defendant's victim, the Guatemalan soccer federation ("FENAFUTG"), is currently suspended by FIFA and is therefore inactive; (2) whether any of the remaining cash securing the defendant's bond should be used to pay restitution; and (3) whether funds forfeited by the defendant will be applied to his restitution.

      As discussed further below, with respect to the first issue, the government respectfully submits that restitution should be paid to the Confederation of North, Central America and Caribbean Association Football ("CONCACAF") as FENAFUTG's trustee to hold in escrow for the benefit of FENAFUTG. With respect to the second issue, defense counsel has informed the government that the balance of the defendant's bond is comprised of money from members of the defendant's family. On the basis of that representation, the government does not seek to apply any of the remaining cash securing the defendant's bond towards restitution. Finally, with respect to the third issue, the government will recommend to the Money Laundering and Asset Recovery Section ("MLARS") of the Department of Justice ("DOJ") that forfeited funds be applied to restitution in this case. However, MLARS

The Honorable Pamela K. Chen
November 29, 2017
Page 2

does not begin the process of remission and restoration of forfeited funds to a victim until after the Court has issued a restitution order in favor of that victim.

I.      Restitution Should Be Paid to CONCACAF as FENAFUTG's Trustee

The government respectfully submits that restitution should be paid to CONCACAF as FENAFUTG's trustee to be held in escrow for the benefit of FENAFUTG.

The Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, mandates that the Court "shall order . . . that the defendant make restitution to the victim of the offense." The "final determination of the victim's losses" should "not . . . exceed 90 days after sentencing." 18 U.S.C. § 3554(d)(5). But see Dolan v. United States, 560 U.S. 605, 611, 130 S. Ct. 2533, 2539, 177 L. Ed. 2d 108 (2010) ("The fact that a sentencing court misses the statute's 90–day deadline . . . does not deprive the court of the power to order restitution.").

The Court determined at the defendant's October 25, 2017 sentencing that FENAFUTG was the victim of the defendant's wire fraud crime, and that FENAFUTG's losses attributable to the defendant and his co-conspirators totaled $415,000. However, in October 2016, FIFA suspended FENAFUTG due to FENAFUTG's failure to comply with certain FIFA compliance measures, and as a result of this suspension FENAFUTG is currently inactive and cannot accept restitution funds.

FENAFUTG is represented in this proceeding by CONCACAF, of which FENAFUTG is a constituent member organization. CONCACAF has agreed to hold in escrow for FENAFUTG any funds awarded to FENAFUTG as restitution, pending FENAFUTG's reinstatement as a functioning FIFA member association, at which time CONCACAF will promptly transfer any such funds to FENAFUTG. Counsel for CONCACAF has informed the government that at the next CONCACAF Council meeting, which is scheduled to occur on or about December 18, 2017, the CONCACAF Council intends to pass a resolution authorizing CONCACAF (a) to act as escrow agent for FENAFUTG, and (b) to open a bank account solely for the purpose of receiving and holding restitution or remission funds on behalf of FENAFUTG. CONCACAF is authorized to take these steps by its governing statutes, which empower it to carry out its objectives, including "to protect the interests of its member organizations." CONCACAF Statutes Art. 2(h); see also CONCACAF Statutes Arts. 33 & 69.

In this case, CONCACAF holding the money in escrow for FENAFUTG ensures the eventual payment of restitution to the victim and prevents the defendant from escaping a punishment he would otherwise have to bear, simply because his victim entity is currently, but temporarily, unable to accept money. Therefore, the government respectfully requests that the Court order that the defendant pay restitution to CONCACAF as FENAFUTG's trustee, with the funds to be held in escrow for the benefit of FENAFUTG and transmitted to FENAFUTG as soon as its suspension is lifted.

The Honorable Pamela K. Chen
November 29, 2017
Page 3

II.    The Government Understands that the Balance of the Cash Securing the
       Defendant's Bond is Not the Defendant's Money

       On the basis of defense counsel's proffer as to the origin and ownership of the
cash remaining to secure the defendant's bond, the government respectfully submits that it
does not seek to apply any of the funds constituting the balance of the defendant's bond
towards restitution.

       Currently, $325,000 in cash is securing the defendant's bond.[1]  These funds
are eligible for exoneration since the defendant has turned himself into the U.S. Marshals'
Service as scheduled.  According to defense counsel, a portion of the cash originally securing
the defendant's bond was paid from the defendant's personal holdings at his law firm, but
that money has since been applied to forfeiture and legal fees.  The remaining cash securing
the defendant's bond came from the defendant's family and friends, and, according to
defense counsel, belongs to them.

       Based on these representations, the government does not seek for any of the
remaining cash securing the defendant's bond be applied towards restitution, because it is not
the defendant's money.

III.   The Government Will Recommend that the Forfeited Funds Be Applied to
       Restitution

       The government respectfully informs the Court that although it cannot
represent that the funds forfeited from the defendant will be applied towards restitution, the
government will recommend that MLARS apply the $175,000 that the defendant forfeited to
satisfy the defendant's restitution order.

       Forfeited assets are property of the United States.  United States v. Cohan, 988
F. Supp. 2d 323, 326 (E.D.N.Y. 2013), aff'd, 798 F.3d 84 (2d Cir. 2015); see United States v.
Kalish, 626 F.3d 165, 169 (2d Cir. 2010) (forfeiture and restitution are different remedies
that "are authorized by separate statutes").  Under the procedures set forth in 28 C.F.R. Part 9
(the "Restoration Procedures"), the government may transfer the proceeds of forfeited funds
to the Court in satisfaction of an order of restitution.  The Attorney General's restoration
authority has been delegated to the Chief of MLARS.  See AG Order No. 2088-97 (June 14,
1997).  The Restoration Procedures require that both an order of restitution and order of
forfeiture be in place before the proceeds of forfeited funds may be applied to an order of
restitution.  After these orders are executed by the Court, the government (i.e., the U.S.

---

       [1] With the government's consent, earlier this week the defendant sought exoneration
of the cash and assets securing the bond, because the defendant reported to a BOP facility
and is currently in custody.

The Honorable Pamela K. Chen
November 29, 2017
Page 4

Attorney's Office) will send a request to the Chief of MLARS to restore the forfeited funds
to victims through satisfaction of the restitution order.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:   /s/ Paul Tuchmann
      Paul Tuchmann
      Samuel P. Nitze
      M. Kristin Mace
      Keith D. Edelman
      Kaitlin T. Farrell
      Assistant U.S. Attorneys
      718-254-6294

cc:   Defense Counsel (by ECF)
      Clerk of the Court (PKC) (by ECF)
      Jennifer Fisher, U.S. Probation Officer (by email)
      John Kuster and Michael Levy (by email) (Counsel for CONCACAF)