*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

PT:SPN/MKM/KDE

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 5, 2017

<u>By ECF and Hand</u>

The Honorable Pamela K. Chen
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

>Re:   United States v. Juan Ángel Napout, et al.
>      <u>Criminal Docket No. 15-252 (S-2) (PKC) (RML)</u>

Dear Judge Chen:

      The government respectfully submits this letter in response to the Court's request for additional briefing as to whether a defendant may introduce evidence of foreign law in order to show that he acted in good faith rather than fraudulently, with respect to the charged honest services wire fraud offenses and racketeering acts. Trial Tr. at 2618-2625. Specifically, the Court requested further briefing on the issue after considering the government's proposed jury instructions, stating that there might "still be some room, though, under the Government's own instructions for some good faith type of evidence regarding the defendant's belief about his own laws, his own country's laws, to come in." Trial Tr. at 2622.

      Incorporating by reference the arguments set forth in its briefs dated October 17, 2017 and November 1, 2017, as well as its oral argument to the Court on November 8, 2017, the government respectfully submits that nothing in the government's proposed jury instructions, or the <u>mens rea</u> elements of the charged offenses or racketeering acts, warrants reconsideration of the Court's previous ruling, or the introduction of evidence of foreign law. <u>See</u> ECF Dkt. No. 718 at 17-20; ECF Dkt. No. 766 at 22-29; Nov. 8, 2017 Tr. at 65-91. The marginal probative value of such evidence, if any, would be substantially outweighed by the prejudice to the government that would be caused by the confusion and invitation to nullification that would follow from its introduction.

      As the Court has made clear, honest services wire fraud is not a specific-intent crime, so to prove wire fraud the government does not need to prove that a defendant knew that he was breaking the law. <u>See</u> Trial Tr. 2620 ("The defendants do not have to … know what they are doing violates a law"). Rather the government need only prove that the defendant knew that he was breaching a duty he owed to a soccer organization. <u>Id.</u> at 2621 ("You have to actually know what the rules are and then knowingly violate them"). Thus, the government agrees with

the Court's statement, with the exception of the italicized portion, that "the question becomes can a defendant say, though I got a copy of the rules, I never bothered to read them and somehow I just assumed that it was okay that … I could take a bribe as alleged and it would not be contrary to FIFA's expectations of me or my duties to them because *it is not illegal in my country and* this is how we do business in South America, for example." Id.

The defendants are free to introduce evidence,[1] or point to evidence the government has introduced, from which they could make the non-italicized arguments referenced above, i.e., that they were unaware of the duties they owed to their soccer organization, and that they or their associates regularly engaged in commercial bribery. But a defendant asserting "good faith" need not introduce evidence that he believed commercial bribery was legal in his home country (let alone evidence of whether it was, in fact, legal there), because he has already made out his good faith argument, namely, that he was not aware that he owed a fiduciary duty to his soccer organization and/or that he did not know that FIFA rules prohibited him from accepting bribes. Thus, evidence that a defendant does not believe that commercial bribery is prohibited by a criminal law in his home country is irrelevant.

Conversely, if a defendant does not claim ignorance of the duties and obligations imposed by FIFA's rules, evidence that his home country does not prohibit commercial bribery would similarly be irrelevant. Because ignorance of the law (meaning the honest services wire fraud statute) is no defense to that crime, a defendant commits the crime by knowingly breaching a duty to his soccer organization, and that defendant is not "saved" from breaching this duty by relying on the laws of his own country, or the laws of other countries (besides the United States) where the defendant's conduct took place.

Even if the Court were to find that such evidence of foreign law did have some limited probative value, for the reasons stated in the government's earlier filings such probative value would be far outweighed by the "obvious" and "compelling" unfair prejudice the Court has already found that the government would suffer. Nov. 8, 2017 Tr. at 83. In addition, as the government has already noted on the record, if a defendant is permitted to introduce evidence of his reliance on foreign law to show his good faith, such evidence would open the door to the

---

[1] The Court framed the issue as a question of whether "the defendants should be permitted to testify as to their own belief about their own laws, their own criminal laws, and whether it prohibited them from taking bribes as alleged during the course of their official duties." Trial Tr. at 2623. The government respectfully submits that evidence of a defendant's state of mind, including evidence of foreign law if the Court rules such evidence admissible – which it is not – should not be limited to proof by a defendant's testimony. Without analyzing the specific examples the Court discussed on December 1, see Trial Tr. at 2622-23, there may be other competent evidence a defendant wishes to introduce to show his good faith besides his own testimony. The government respectfully submits that, if the Court allows evidence of foreign law over the government's objection, the Court should hear a proffer of such other evidence, and its source, and rule on the admissibility of each piece of proffered evidence, rather than issuing a categorical ruling.

government's introduction of additional evidence that the defendants were on notice that their alleged conduct was criminal. Such evidence could include reports issued by FIFA, ethics reports issued by other bodies, and articles and other reports published in the press, to name just a few examples.

In short, the question of whether or not a defendant acted in good faith when he breached a duty that he knew FIFA or CONMEBOL imposed on him is not informed by whether or not the defendant believed the breaching conduct violated his home country's criminal laws, let alone by what those laws actually were at a given point in time. The government therefore respectfully submits that the Court should maintain its earlier ruling precluding evidence of foreign law.

        Respectfully submitted,

        BRIDGET M. ROHDE
        Acting United States Attorney

By:       /s/
        Samuel P. Nitze
        M. Kristin Mace
        Keith D. Edelman
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Counsel of Record (by ECF)