

U.S. Department of Justice

United States Attorney
Eastern District of New York

KTF/RTP/VAZ/EWS
F. #2015R00747

271 Cadman Plaza East
Brooklyn, New York 11201

February 23, 2023

By E-mail and ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Full Play Group, SA, et al.
> Criminal Docket No. 15-252 (S-3) (PKC)

Dear Judge Chen:

The government respectfully submits this letter in opposition to defendant Hernan Lopez's letter seeking the admission of a compilation of farewell messages.  See ECF Dkt. No. 1947, LX-503 and 504.  The messages plainly fall outside of the scope of permissible hearsay-excepted character evidence in the form of opinion or reputation in the community, and appear in part to be an attempted end-run around the prohibition on specific instances of conduct, among other rules.

The compilation the defense seeks to offer is a series of what appear to be emails that were cut-and-paste into one document by Mr. Lopez's former assistant upon his departure from Fox in January 2016.  As a result of the cut-and-paste, many of the writers of these goodbye messages are unidentifiable to the government because they are labeled only by initials or first name.  There are no email addresses included with any of the messages.  Many of the writers offer well wishes on Mr. Lopez's next stage of life.  In some cases, people seem to be angling for podcast-related work; in other cases, they reference irrelevant issues that would be inappropriate for the jury's consideration and have no bearing on Mr. Lopez's character or reputation; in other cases, they reference specific instances of conduct, evidence of which is proscribed here by Federal Rule of Evidence 405.

The government does not dispute that Federal Rule of Evidence 803(21) excepts from hearsay testimony about a "reputation among a person's associates or in the community concerning the person's character."  However, the method by which such reputation evidence may be presented to a jury is carefully outlined in the Federal Rules of Evidence.  Those rules do not include the admission of a compilation of messages from unidentifiable writers who are not subject to cross-examination.

Federal Rule of Evidence 405 governs the methods by which a person's character, including the character of the defendant, may be proven.  See Fed. R. Evid. 405, "Methods of

Proving Character." In most instances,[1] including this case, "evidence of a person's character or character trait" is only permitted in the form of "testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a); Michelson v. United States, 335 U.S. 469, 477, 69 S. Ct. 213, 219, 93 L. Ed. 168 (1948) ("The witness may not testify about defendant's specific acts or courses of conduct or his possession of a particular disposition or of benign mental and moral traits; nor can he testify that his own acquaintance, observation, and knowledge of defendant leads to his own independent opinion that defendant possesses a good general or specific character, inconsistent with commission of acts charged."); Benedetto, 571 F.2d at 1249 ("[C]haracter evidence has long been admissible only in the form of reputation and not in the form of a recitation of good or bad acts."); United States v. O'Connor, 580 F.2d 38, 43 (2d Cir. 1978) (trial court properly curtailed examination of witness and excluded FBI 302s from evidence where excluded testimony and evidence would have constituted attempt to demonstrate defendant's good character by proof of specific good acts). "[C]haracter evidence must be based solely on reputation in the community; it must be hearsay and cannot be based on the witness' own personal assessment of the defendant or on specific acts reflecting certain qualities." United States v. Kahan, 479 F.2d 290, 293 (2d Cir. 1973), rev'd on other grounds, 415 U.S. 239, 94 S. Ct. 1179, 39 L. Ed. 2d 297 (1974).

       The "hearsay" that the cases refer to is that any testimony about reputation is necessarily based on out-of-court statements that the witness has heard. See Reputation as proof of character, 4 Federal Evidence § 8:105 (4th ed.) "[I]it is well established that a character witness must be able to demonstrate his own familiarity with the defendant's reputation and his competence to speak for the community." United States v. Perry, 643 F.2d 38, 52 (2d Cir. 1981); see Michelson v. United States, 335 U.S. 469, 478 (1948). The defendant acknowledges this by arguing that the compilation should come in through the residual exception in Rule 807. Notably, the defendants cite no case in which the residual exception has been used to circumvent the carefully crafted boundaries for admitting character evidence set forth in Rule 405. And nor does the compilation contain "sufficient guarantees of trustworthiness," Federal Rule of Evidence 807, since each individual who wrote an email in the compilation—many of whom cannot be identified

---

[1] Evidence of specific instances of conduct to prove a person's character are only admissible in the rare cases where "a person's character or character trait is an essential element of a charge, claim, or defense." Id. "Illustrations" of a person's character or character trait being an essential element of a charge, claim, or defense "are: the chastity of the victim under a statute specifying her chastity as an element of the crime of seduction, or the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver." Shakur v. United States, 32 F. Supp. 2d 651, 668 (S.D.N.Y. 1999); see also J. Weinstein, M. Berger & J. McLauglin, 2 Weinstein's Federal Evidence § 405.05[4] at 405–41–42 (2d ed.1997) ("[P]ermissive use of evidence of specific acts is regularly misinterpreted by trial lawyers. It is allowed only when character itself is an issue under substantive law. . . . When character is used circumstantially to prove a consequential fact, proof by specific instances is not permitted for practical reasons."). Thus, it is improper for defense counsel to present evidence of specific instances of the defendant's conduct of unless that character trait is an essential element of the charge, claim, or defense—which is typically not the case. See United States v. Benedetto, 571 F.2d 1246, 1249-1250 (2d Cir. 1978) (noting that it was improper for the defense to attempt to establish the defendant's good character by reference to specific good acts).

based on the document alone—may have a different motive and degree of sincerity in writing the email in the first place.

Once the defense puts the defendant's character at issue by eliciting a character witness's opinion of the defendant, or the character witness's understanding of the defendant's reputation, the government may, on cross-examination, inquire "into relevant specific instances of the person's conduct." Id., see United States v. Russo, 110 F.3d 948, 952–53 (2d Cir. 1997) ("Once a defendant offers character testimony, the prosecution is afforded substantial latitude to rebut such evidence."); United States v. Tagliaferro, 530 F. Supp. 3d 295, 299 (S.D.N.Y. 2021) ("Once the defendant offers reputation or opinion evidence regarding his good character, the prosecution is permitted to ask the character witness on cross-examination about specific instances of the conduct of the accused. This is permitted to evaluate the character witness's credibility and knowledge of the defendant, not to prove the defendant's guilt.") (internal citations and quotations omitted); see also Michelson, 335 U.S. at 478 (discussing rationale behind rule permitting government to cross-examine on specific instances of misconduct where defense elicited reputation evidence regarding the defendant's good character). The government is given "substantial latitude" to cross-examine a character witness about specific instances of misconduct. United States v. Bah, 574 F.3d 106, 118 (2d Cir. 2009); United States v. Reich, 479 F.3d 179, 190 (2d Cir.2007) ("We review the district court's decision to allow the question[ing] for abuse of discretion, bearing in mind that once a defendant offers character testimony, the prosecution is afforded substantial latitude to rebut such evidence.").

Ms. Mosher is competent to testify about the defendant's reputation, and she will be subject to cross-examination. But admitting the compilation would deprive the government of cross-examining the individuals—whose statements are being admitted for their truth through a hearsay exception—about their motives in writing such emails, some of which may be self-serving or just polite. The admission of the compilation would also present irrelevant issues to the jury and provide evidence of specific instances of conduct that are prohibited by Rule 405. The Court should deny the motion.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Kaitlin T. Farrell
Robert T. Polemeni
Victor Zapana
Eric Silverberg
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (PKC) (by ECF)
Counsel of record (by ECF)