UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MARIA MARIN,

                Petitioner,

      v.                                    No. 15-cr-00252 (PKC)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM IN SUPPORT OF JOSE MARIA MARIN'S
PETITION FOR A WRIT OF ERROR *CORAM NOBIS***

BALLARD SPAHR LLP
James A. Mitchell, Esq.
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: 212.223.0200
mitchellj@ballardspahr.com

BARBOSA LEGAL
Julio Barbosa, J.D., LLM (admitted *pro hac vice*)
407 Lincoln Rd., PH-NE
Miami Beach, Florida 33139
Telephone: 305-501-4680
jbarbosa@barbosalegal.com

*Attorneys for Petitioner José Maria Marin*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. PROCEDURAL BACKGROUND........................................................................................2

    A. District Court ..............................................................................................................2

    B. Second Circuit.............................................................................................................3

III. ARGUMENT .........................................................................................................................4

    A. Justice Requires Vacatur of Marin's Conviction ................................................4

    B. Marin's Petition is Timely ........................................................................................5

    C. Continuing Harm .......................................................................................................5

IV. CONCLUSION......................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Ciminelli v. United States*, 598 U.S. 306 (2023)....................................................................1, 4, 5

*Kovacs v. United States*, 744 F.3d 44 (2d Cir. 2014)(quoting *Foont v. United States*, 93 F.3d 76 (2d Cir. 1996)).........................................................................................................................4

*Percoco v. United States*, 598 U.S. 319 (2023) ...................................................................1, 4, 5

*United States v. Napout*, 963 F.3d 163 (2d Cir. 2020)............................................................3, 4

**Other Authorities**

18 U.S.C. § 1346...........................................................................................................................2

Petitioner José Maria Marin ("Marin") submits this Memorandum in support of his Petition for a writ of error *coram nobis* to vacate his conviction and sentence entered by this Court on September 11, 2018.[1] Marin hereby joins in the Petition for a writ of error *coram nobis* previously filed on November 22, 2023 (Dkt. 2035) on behalf of his co-defendant Juan Angel Napout ("Napout"). Given the virtual identity of the arguments between the two defendants in favor of the writ of *coram nobis*, this Memorandum will provide any supplemental information specific to Marin in support of his Petition, while adopting, rather than repeating, all of the arguments made by Napout that are applicable to Marin's own Petition.

## I.     INTRODUCTION

On September 1, 2023, this Court granted a Rule 29 motion in *United States v. Full Play Grp., S.A.,* vacating the convictions in that case, which was the second trial relating to the so called FIFA bribery scandal. In its opinion (Dkt. 2023), this Court determined that certain recent Supreme Court decisions made clear that the criminal statutes involved in *Full Play* do not apply to the alleged foreign commercial bribery conduct underlying the convictions in that case. As discussed fully in Napout's Petition (pp. 7-9), those Supreme Court decisions, *Ciminelli v. United States*, 598 U.S. 306 (2023) and *Percoco v. United States*, 598 U.S. 319 (2023), along with this Court's Rule 29 opinion in *Full Play*, warrant that the convictions of Marin, like Napout, be vacated in their entirety. A writ of error *coram nobis* is appropriate where a defendant has served his sentence and justice requires the vacatur of the defendant's conviction. Such is the case here.

---

[1] Marin's sentence was subsequently the subject of two amended judgments: (1) a first amended judgment on November 27, 2018 extending his time to satisfy certain financial obligations of the sentence (Dkt. 1089); and (2) a second amended judgment on March 30, 2020 as a result of this Court's granting of Marin's motion to amend his sentence for compassionate release. (Dkt. 1326).

## II. PROCEDURAL BACKGROUND

### A. District Court

Marin was first arrested by Swiss authorities in connection with this case on May 27, 2015. He was incarcerated in Switzerland until November of 2015, when he consented to extradition to the United States. He then spent the over two years on pretrial release, with bail conditions that included strict home confinement and electronic monitoring. During that period, the government filed two superseding indictments against Marin. The second superseding indictment, upon which Marin went to trial, consisted of seven counts against him: one count of RICO conspiracy, three counts of wire fraud conspiracy, and three counts of money laundering conspiracy. (Dkt. 604).

The trial took place in November and December of 2017, after which Marin was convicted on six of the charges and acquitted on one count of money laundering conspiracy. As with Napout (and the defendants *Full Play*), all of the charges of conviction as to Marin were based on honest services fraud in connection with the alleged receipt of commercial bribes. Following the verdict, Marin was immediately remanded into custody.

In January 2018, Marin moved for a judgment of acquittal or a new trial on various grounds and joined in the post-trial motions made by Napout. (Dkts. 887-89). Those arguments included that the government failed to prove certain elements of a conspiracy to commit honest services wire fraud and that the charges were improperly extraterritorial, *i.e.,* honest services fraud (18 U.S.C. § 1346) could not be based on foreign commercial bribery. As the Court will recall, Marin was the head of the Brazilian soccer federation when he allegedly received bribes in connection with certain rights concerning FIFA international soccer tournaments. This Court denied all of the post-trial motions. (Dkt. 952).

On August 22, 2023, Marin was sentenced to incarceration for a period of 48 months. The sentence also included certain economic penalties: a criminal fine of $1,200,000, forfeiture of

2

$3,335,593, and a special assessment of $600. (Dkt. 1015). Subsequently, Marin was also ordered to pay the following restitution: $137,532.60, for which he was solely responsible; $24,001.45, for which he was jointly and severally responsible with Napout; and $2,116,781.54, for which he was jointly and severally responsible with all of the convicted co-conspirators in the FIFA matter. (Dkt. 1084). Marin paid the entire amounts of the fine, forfeiture and special assessment. He also paid the restitution for which he was solely responsible, one half of the amount he was jointly responsible for with Napout (who paid the other half), and $250,000 toward his joint and several restitution obligation with the other convicted co-defendants. Subsequently, the remainder of the $2,116,781.54 joint and several obligation was satisfied by other defendants. (Dkt. 1858).

In March 2020, at the outset of the Covid-19 pandemic, Marin -- by then in his late 80's and with several health conditions -- moved this Court for his sentence to be reduced based on compassionate release. A subsequent Order of this Court reduced Marin's custodial sentence to time served. Upon his release from federal custody, he immediately returned to his home in Brazil, where he currently resides.

In total, Marin was incarcerated for over 32 months and paid financial penalties totaling $4,935,726.32 as a result of his criminal convictions.

**B.    Second Circuit**

Marin, along with Napout, appealed their convictions to the Second Circuit Court of Appeals. Marin specifically adopted and incorporated the appellate arguments made by Napout to the extent they were applicable to him. As discussed fully in Napout's Petition (pp. 3-4), the appeal included arguments that the honest services fraud statute did not criminalize the underlying conduct of foreign commercial bribery.

The Second Circuit affirmed both defendants' convictions. The affirmance was in a single opinion covering both defendants' appeals. The Court specifically recognized that Marin had

3

adopted Napout's brief, and that it was "consider[ing] the arguments made by the two appellants as having been made by both.…" *United States v. Napout*, 963 F.3d 163, 168, n.2 (2d Cir. 2020).

### III.  ARGUMENT

A write of error *coram nobis* is warranted here because Marin, despite no longer remaining in custody, continues to suffer harm as a result of convictions that are no longer supported by the law. *Coram nobis* relief is granted when "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996)). Each of those criteria is met with respect to Marin.

#### A.  Justice Requires Vacatur of Marin's Conviction

For all of the reasons argued by Napout in his Petition (pp. 7-11), the intervening change in the law recognized by the Supreme Court in *Ciminelli* and *Percoco* has resulted in a circumstance where Marin's criminal convictions remain in place even though the theory of honest services fraud upon which each of them is grounded is itself no longer valid. Each of the three wire fraud conspiracy convictions stems from allegations of receipt of a foreign commercial bribe by Marin, a Brazilian national working for the Brazilian soccer federation, in connection with three different international soccer tournaments. In short, the premise of each of those conspiracies was the same -- receipt of commercial bribery in a foreign jurisdiction. And, as detailed in Napout's Petition, the RICO conspiracy and money laundering conspiracies of which Marin was convicted all rely on the viability of the underlying honest services fraud as a valid predicate. They became invalid once the fraud theory on which they are built became untenable.

### B. Marin's Petition is Timely

Marin's ability to challenge the convictions on the basis set forth in his Petition only arose following the Supreme Court's recent decisions in *Ciminelli* and *Percoco* and this Court's subsequent determination that that law required the granting of the Rule 29 motion brought by the defendants in the *Full Play* case. This Petition has followed shortly thereafter and after the filing of Napout's Petition, upon which Marin relies here.

### C. Continuing Harm

Marin -- like Napout -- continues to suffer harm as a result of his criminal convictions. That continuing harm takes two significant forms: (1) the deprivation of the benefit and use of the over $4 million in financial penalties Marin paid as part of his sentence of conviction; and (2) his inability, under U.S. immigration law, to travel to the United States.

Moreover, for Marin, a man now in his early 90's, this Petition takes on an immediacy that calls for prompt relief. To be blunt, justice requires that the vacatur of his convictions, and return to him of the money he has paid as a result, should be accomplished as soon as possible, and before it is too late for him to take advantage of it.

## IV. CONCLUSION

For all of the foregoing reasons and those set forth in the Petition of co-defendant Juan Angel Napout, a writ of error *coram nobis* should be granted, the judgment of conviction against Jose Maria Marin should be vacated, and the monies he paid as a result of his criminal conviction should be returned to him.

Dated: December 14, 2023

BALLARD SPAHR LLP

By: /s/ *James A. Mitchell*
James A. Mitchell

1675 Broadway, 19th Floor
New York, NY 10019
Telephone: 212.223.0200
mitchellj@ballardspahr.com

BARBOSA LEGAL
Julio Barbosa, J.D., LLM
407 Lincoln Road PH-NE
Miami Beach, FL 33139
Telephone: 305.501.4680
jbarbosa@barbosalegal.com
(admitted *pro hac vice*)

*Attorneys for Defendant José Maria Marin*