

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JN
F. #2015R00747

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 12, 2026

By ECF

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Hernan Lopez and Full Play Group
       Criminal Docket No. 15-252 (PKC)

Dear Judge Chen:

  We respectfully submit this letter in response to the Court's January 30, 2026 order (the "Order"), which requested our response to seven questions.  The Court's questions and the responses are set forth below.

1. The legal standard for leave to dismiss an indictment, post-conviction and sentence, under Federal Rule of Criminal Procedure 48(a).

  Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." The Rule and precedent interpreting it make no distinction based on whether the dismissal is sought before or after conviction or sentencing, see Thompson v. United States, 444 U.S. 248, 250 (1980); Rinaldi v. United States, 434 U.S. 22, 28-32 (1977), although at least one court has held that Rule 48(a) "is no longer available once appellate review is finished," United States v. Thorpe, 148 F.4th 768, 777 (D.C. Cir. 2025). Accordingly, at least until the case becomes final through all levels of appellate review, the legal standard to dismiss an indictment post-conviction and post-sentencing is the same as the standard to dismiss an indictment pre-conviction and pre-sentencing.

  The Judiciary's role under Rule 48(a) is confined to "extremely limited circumstances in extraordinary cases." United States v. Hamm, 659 F.2d 624, 629 (5th Cir. Unit A Oct. 1981). "The government may elect to eschew or discontinue prosecutions for any of a number of reasons. Rarely will the judiciary overrule the Executive Branch's exercise of these prosecutorial decisions." United States v. Blaszczak, 56 F.4th 230, 238-42 (2d Cir. 2022)

(collecting cases). In <u>United States v. Fokker Services B.V.</u>, 818 F.3d 733 (D.C. Cir. 2016), for example, the court held that Rule 48(a)'s inquiry is "narrow" and aimed at protecting the "defendant against prosecutorial harassment when the government moves to dismiss an indictment over the defendant's objection," <u>id.</u> at 742 (cleaned up). The court explained that it must read Rule 48(a) "against the background of settled constitutional understandings under which authority over criminal charging decisions resides fundamentally with the Executive." <u>Id.</u> at 741–42. Thus, "the Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges," and accordingly a court should not deny the government's motion to dismiss "based on a disagreement with the prosecution's exercise of charging authority" or with the prosecution's determination that further proceedings "would not serve the public interest." <u>Id.</u> at 742-43; <u>see</u> <u>Trump v. United States</u>, 603 U.S. 593, 620 (2024) ("Investigation and prosecution of crimes is a quintessentially executive function. And the Executive Branch has exclusive authority and absolute discretion to decide which crimes to investigate and prosecute….") (cleaned up).

Where there is no harm to the defendant, the court's inquiry is even narrower. A district court may deny an unopposed motion to dismiss, if at all, only in an extraordinary case where a rogue prosecutor appears to be acting without "the approval of the Justice Department." <u>In re United States</u>, 345 F.3d 450, 453–54 (7th Cir. 2003). The Second Circuit has likewise indicated that it may inquire into whether "the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than [the] trial," <u>i.e.</u>, indications of a prosecutor acting without authority. <u>United States v. HSBC Bank USA, N.A.</u>, 863 F.3d 125, 141 (2d Cir. 2017). That is not a substantive inquiry about the reasons for the Executive's dismissal, but rather to determine whether the prosecutor "is acting alone rather than at the direction or with the approval of the Justice Department." <u>United States</u>, 345 F.3d at 454.

Construing a "public interest" standard more broadly to second-guess the prosecutorial discretion of the Executive would not just be inappropriate for the reasons spelled out above, but unconstitutional under Article II of the Constitution. "Judicial supervision in this area … entails systemic costs of particular concern" given that the decision to pursue a prosecution turns on factors only a politically accountable branch can determine, like "the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan." <u>Wayte v. United States</u>, 470 U.S. 598, 607–08 (1985); <u>see</u> <u>Trump</u>, 603 U.S. at 620 ("Investigation and prosecution of crimes is a quintessentially executive function. And the Executive Branch has exclusive authority and absolute discretion to decide which crimes to investigate and prosecute….").

2. <u>Why dismissal of Defendants' Indictment is "in the interest of justice," *see United States v. Adams*, 777 F. Supp. 3d 185, 207 (S.D.N.Y. 2025) ("As a matter of procedure, 'the court will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis.'") (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)).</u>

The Department of Justice has determined that it will not commit further resources to these two defendants' convictions in this case, including by declining to oppose a writ of certiorari and instead consenting to the Supreme Court's granting the defendants' petition, vacating the Court

2

of Appeals judgment, and remanding the case to this Court for dismissal.  See Wayte, 470 U.S. at 607 ("In our criminal justice system, the [g]overnment retains broad discretion as to whom to prosecute. . . . Such factors as . . . the [g]overnment's enforcement priorities, and the case's relationship to the [g]overnment's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." (cleaned up)); Rinaldi, 434 U.S. at 27 (recognizing Department of Justice policy addressing the "efficient management of limited executive resources," and reversing Court of Appeals' affirmance of district court's denial of a motion to dismiss indictment against a defendant post-conviction and sentencing).  Thus, the "interests of justice" here are based in the Department of Justice's discretion to decide whether or not to pursue a prosecution.  See United States v. Nixon, 418 U.S. 683,693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); In re Aiken County, 725 F.3d 255, 263 (D.C Cir. 2013) (noting that the indubitable power of prosecutorial discretion includes "to direct that the criminal be prosecuted no further").

3.  Whether, and to what extent, the Court may consider the Second Circuit's reasoning in United States v. Lopez, 143 F.4th 99 (2d Cir. 2025), despite the Supreme Court's vacatur of that decision, --- S.Ct -----, 2026 WL 79861 (Mem).

The Second Circuit's decision in Lopez has been vacated and is no longer binding law. United States v. Lopez, 143 F.4th 99, 103 (2d Cir. 2025), cert. granted, judgment vacated sub nom. Full Play Grp., S.A. v. United States, No. 25-390, 2026 WL 79753 (U.S. Jan. 12, 2026), and cert. granted, judgment vacated, No. 25-396, 2026 WL 79861 (U.S. Jan. 12, 2026).  The government has not confessed error.  See Brief for the United States, Lopez v. United States, No. 25-396, 2025 WL 3645624, at *3 (U.S. Dec. 9, 2025); cf. Blaszczak, 56 F.4th at 233 (confessing error); United States v. Aytes, No. 19-3981, Dkt. No. 70 (2d Cir. Apr. 13, 2021) (confessing error).  Accordingly, it is the government's position that, as with any non-binding authority, the Court may reflect on the Second Circuit's reasoning but may not rely on it as precedential.

4.  The impact, if any, of dismissal of Defendants' Indictment on the convictions of the other defendants convicted of honest services wire fraud crimes in this case.

The government's motion to dismiss the indictment is only as to defendants Lopez and Full Play and has no legal effect on other defendants' final convictions.

Every other defendant charged in the 15-CR-252 indictment has his own particular facts and circumstances.  The defendants generally fall into four different categories.  The first two have final convictions: (1) defendants who pled guilty and have been sentenced; and (2) defendants who were convicted at trial and unsuccessfully appealed their sentences (specifically, Juan Angel Napout and Jose Maria Marin).  The next two do not: (3) defendants who pled guilty and have not yet been sentenced; and (4) charged defendants who have not been extradited to the United States and remain abroad.  All defendants were charged under both a "classic" (i.e., deprivation of money or property) and an "honest-services" wire fraud theory.  See, e.g., United States v. Jinkis, 15-CR-252 (PKC), Third Superseding Indictment, Dkt. No. 1337 at ¶¶ 130, 132, 151, 153 (all alleging defendants schemed "to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises").  At both trials, the government's proof supported both theories (for example, the 2017 trial testimony of expert Stephen

3

Szymanski, the 2023 testimony of Luis Bedoya, and the testimony in both trials of Alejandro Burzaco, all of which detailed the deprivation of money and valuable contracts from the victim soccer organizations as objects of the bribery scheme), although both juries were only instructed on an honest-services theory, see, e.g., Mar. 6, 2023 Tr. at 7671.  Those defendants who pled guilty allocuted to facts, and not a particular legal theory.  In addition, many defendants also allocuted to, or were convicted of, defrauding domestic entities such as CONCACAF.  Many defendants were convicted of crimes besides wire fraud, such as obstruction of justice.

5. <u>The impact, if any, of dismissal of Defendants' Indictment on restitution paid to victims and forfeiture paid to the Government or restored or remitted to victims by other defendants convicted of honest services wire fraud crimes in this case.</u>

Lopez and Full Play were convicted by jury but were not sentenced.  Therefore, neither defendant has paid any restitution or forfeiture in connection with a final judgment.

The prior awards of restitution and/or forfeiture to FIFA and its constituent organizations in this case were based on other defendants' earlier-in-time final convictions.  Therefore, dismissal as to Lopez and Full Play should have no impact on funds previously remitted or restored to the victims.

6. <u>Whether the provisions of the Crime Victims' Rights Act, 18 U.S.C. § 3771, apply to the Government's motion and the related proceedings.</u>

The Crime Victim's Rights Act ("CVRA") applies.  See 18 U.S.C. § 3771.  The applicable rights include "[t]he right to reasonable, accurate, and timely notice of any public court proceeding . . . involving the crime"; "[t]he right not to be excluded from any such public court proceeding"; "[t]he reasonable right to confer with the attorney for the Government in the case"; "[t]he right to be reasonably protected from the accused"; and "[t]he right to full and timely restitution as provided in law."  Id. § 3771(a).  Consistent with these rights, the government has apprised counsel for the victims of the proceedings.  However, "[n]othing in [the CVRA] shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under h[er] direction."  Id. § 3771(d)(6).

7. <u>Any other issues the Government deems relevant to the Court's resolution of its motion.</u>

The government has no additional issues to raise and respectfully requests that the Court grant its motion.

Respectfully submitted,

_____/s/_____
JOSEPH NOCELLA, JR.
United States Attorney

cc:  Clerk of Court (PKC) (by E-mail)
     Counsel for Hernan Lopez and Full Play Group (by E-mail)