

Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

March 19, 2026

**By ECF**

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **United States v. Webb et al., 15-252 (PKC)**
       *Letter of Coram Nobis Petitioners in Response to the Court's January 30, 2026 Order*
       *to the Government and Hernan Lopez*

Dear Judge Chen:

We respectfully submit this letter on behalf of four defendants who have each filed petitions for writs of *coram nobis*, Alfredo Hawit (ECF 2037), Eduardo Li (ECFs 2040, 2041), Jose Maria Marin (ECF 2036), and Juan Angel Napout (ECF 2035) (the "Petitioners"). In the Court's January 30, 2026 Order, the Court posed six questions to the government and permitted "Defendants" the option to submit briefing in response. It does not appear that the Court invited full briefing from the Petitioners in response to the January 30, 2026 Order. Accordingly, we hereby submit a summary of our position on the questions posed, and request at the appropriate time to be heard in more detail on issues, if any, requiring further consideration on our individual petitions.

The Petitioners take no position on the Court's first question—the legal standard for a Rule 48(a) motion to dismiss. On the second and third questions—why dismissal is in the interests of justice and whether and to what extent the Court may consider the Second Circuit's reasoning in *United States v. Lopez*, 143 F.4th 99 (2d Cir. 2025), *vacated*, — S. Ct. —, 2026 WL 79861 (mem.) (Jan. 12, 2026)—we agree with Defendant Lopez's letter (ECF 2088). As Mr. Lopez explained, it is clear that the Solicitor General's Office evaluated Your Honor's reasoned decision granting a judgment of acquittal, weighed it against the Second Circuit's decision reversing, determined that not only would the Supreme Court side with Your Honor rather than the panel's decision, but might make additional law unfavorable to the government's broad theories, and opted to request vacatur. In short, this Court's decision was correct, the panel decision reversing has no binding effect and is not persuasive, and the theory of prosecution fails. *See Brown v. Kelly*, 609 F.3d 467, 476-77 (2d Cir. 2010) (holding that vacated decision is not binding precedent and analyzing the persuasiveness of its reasoning).


We disagree with the government's response to the Court's remaining questions. In answer to the Court's fourth question, the government argues that its dismissal motion has no legal effect on other defendants. The argument is only partially responsive, since the issue is not the effect of the motion to dismiss itself, but rather what is the effect of "any dismissal." We respectfully submit that this Court's carefully reasoned decision dismissing the case established that the theory advanced in this prosecution was *not a crime* according to Supreme Court authority. The recent actions by the Solicitor General and Supreme Court confirms that this Court was correct, notwithstanding the now-vacated panel reversal.

The reasoning of this Court's decision is not limited in application to the Lopez/Full Play case, but rather applies equally to the Petitioners' cases. While the Petitioners are differently situated in some respects, in one respect they are the same—they have all been convicted based on an incorrect legal proposition—that Section 1346 applies to private foreign commercial bribery schemes.[1] In other words, their convictions are based on conduct that is *not a crime* under the charged statutes, and those convictions therefore should not stand. That foundational reality is explained at length in each Petitioner's *coram nobis* petition, and the recent actions by the U.S. Attorney's Office, the Solicitor General's Office, and the Supreme Court confirm the correctness of this Court's decision and the resulting justification for granting writs of *coram nobis*. We therefore submit that the Court can grant those petitions based on its finding that the theory of prosecution does not describe a crime, notwithstanding the different procedural posture of each Petitioner's case. See Justice Manual § 9.27.001 (stating that DOJ's Principles of Federal Prosecution " should promote the reasoned exercise of prosecutorial authority and contribute to the fair, *evenhanded* administration of the federal criminal laws." (emphasis added)). In the event further consideration of each Petitioner's individual circumstances is required beyond what is

---

[1] The government's letter states that charges stemming from a breach of duty to CONCACAF involved defrauding a "domestic" entity (ECF 2076 at 4), but in the sense that matters here, CONCACAF was a foreign entity. Under this Court's parsing of the Section 1346 jurisprudence, *Percoco* addressed the issue of the *source of the fiduciary duty* and did so in a way compelling dismissal of this prosecution. *United States v. Full Play Group S.A.*, 690 F. Supp. 3d 5, 33 (Sept. 1, 2023). When considered from the perspective of the *source of the fiduciary duty* (rather than *location*), CONCACAF is no different from CONMEBOL or FIFA and presents at most a *foreign* source of fiduciary duty that falls outside the reach of Section 1346. This is because, although CONCACAF's headquarters were at times in New York and at times in Miami, at all times relevant to the prosecution CONCACAF was a Bahamian non-profit entity with its legal domicile in Nassau, Bahamas. *See* Statutes of the Confederation of North, Central America and Caribbean Association Football Article 1.2, *available at* www.concacaf.com.



contained in each petition, each stands ready to further brief those circumstances as requested.

The *coram nobis* petitions have likewise anticipated and answered the Court's fifth question—where convictions are vacated based on the issuance of writs of *coram nobis*, the inexorable result is that criminal monetary penalties imposed based on those convictions, including fines, forfeitures, restitution, and special assessments are invalid and the government must return the funds at issue.

The Court's decision that the honest services statute does not criminalize foreign commercial bribery likewise compels the answer to the Court's sixth question—whether the Crime Victims' Rights Act, 18 U.S.C. § 3771, applies to the government's motion and related proceedings. We respectfully submit that the answer is "no"—the Court's decision granting Lopez and Full Play's motion for acquittal, in substance, means that the foreign commercial bribery scheme alleged and pursued was never a crime under federal law. Section 3771 only applies to a person "directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A) Accordingly, Section 3771 is inapplicable.

One final note—the Petitioners have been continuing to suffer the adverse consequences of convictions during the more than two years it took for the appellate process to run its course. We respectfully request that the Court act on their petitions at the earliest opportunity.

Respectfully submitted,

Justin S. Weddle