**GIBSON DUNN**

Michael Martinez
T: +1 212.351.4076
F: +1 212.817.9276
MMartinez2@gibsondunn.com

March 27, 2026

**BY ELECTRONIC CASE FILING**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *United States v. Hernan Lopez*, Case No. 15-cr-252 (PKC),
        Letter Response to the Government's March 12, 2026 Letter, Submitted
        Pursuant to the Court's January 30, 2026 Order

Dear Judge Chen:

Full Play Group, S.A. requests that this Court grant the government's motion to dismiss the indictment. As the government explains, the same deferential standard applies under Rule 48(a) when the government moves to dismiss an indictment after a conviction. Doc. 2076 at 1. The Supreme Court routinely grants petitions for a writ of certiorari, vacates the court of appeals' judgment, and remands for the district court to consider a pending Rule 48 motion. *Rinaldi v. United States*, 434 U.S. 22, 25 n.8 (1977) (per curiam); *see Bronsozian v. United States*, 590 U.S. 901 (2020); *Thompson v. United States*, 444 U.S. 248, 250 (1980) (per curiam) (collecting examples). So after conviction (as before), "[t]he government may elect to eschew or discontinue prosecutions for any of a number of reasons," and "[r]arely will the judiciary overrule the Executive Branch's exercise of these prosecutorial decisions." *United States v. Blaszczak*, 56 F.4th 230, 238 (2d Cir. 2022).

This case does not involve any circumstance that would support denying "leave of court" for the dismissal. Fed. R. Crim. P. 48(a). This procedural check's "principal object" is "to protect a defendant against prosecutorial harassment." *Rinaldi*, 434 U.S. at 29 n.15. That concern does not exist here because the government has moved to dismiss the indictment with prejudice. The government also has a legitimate interest in exercising its prosecutorial discretion to reallocate executive-branch resources to different enforcement priorities. *Wayte v. United States*, 470 U.S. 598, 607 (1985). In such circumstances, this Court "will not presume" that the government has acted in "bad faith." *Rinaldi*, 434 U.S. at 30. Similarly, just as the Solicitor General may choose not to petition for a writ of certiorari when the United States loses in the court of appeals, *United States v. Providence Journal Co.*, 485 U.S. 693, 699-700 (1988), the Solicitor General may appropriately take steps to avoid Supreme Court review, and advise the Court that the United States

# GIBSON DUNN

The Honorable Pamela K. Chen                                   March 27, 2026
Eastern District of New York                                           Page 2

will move to dismiss the prosecution with prejudice, when he believes that defending the judgment would not serve the interests of the United States.  Doc. 2076 at 2-3.

The Second Circuit's decision does not alter the conclusion that dismissal with prejudice is appropriate.  The Supreme Court's vacatur deprived that decision of "any prospective legal effect" and restores the parties to the "'same situation'" that they would have occupied before the Second Circuit handed down its decision.  *Hewitt v. United States*, 606 U.S. 419, 431 (2025).  Because the case is back in the same posture as when this Court granted a judgment of acquittal, the government could not possibly have acted in bad faith by moving to dismiss the indictment.  The Second Circuit's decision in any event does not speak to the pertinent question under Rule 48(a).  The government has wide discretion to seek dismissal "wholly apart from the question of the legal validity" of its theory.  *Petite v. United States*, 361 U.S. 529, 530-31 (1960).

Full Play agrees with the government that the Crime Victim's Rights Act does not impair the Executive Branch's prosecutorial discretion and takes no position as to this Court's questions about the effect of dismissal on other defendants.


Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP



Michael Martinez

cc:  Clerk of Court (PKC) (via ECF)