

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

MLEVY@SIDLEY.COM
+1 212 839 7341

April 6, 2026

**By ECF**

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    *United States v. Webb et al.*, 15 Cr. 252 (PKC)
> *CONCACAF's Letter in Response to Coram Nobis Petitioners' March 19, 2026 Letter to the Court*

Dear Judge Chen:

The Confederation of North, Central America and Caribbean Association Football ("CONCACAF") respectfully submits this letter in response to the letter submitted on March 19, 2026 by coram nobis petitioners Alfredo Hawit, Eduardo Li, Jose Maria Marin, and Juan Angel Napout ("Petitioners"). As Petitioners correctly observed, the Court's January 30, 2026 Order invited briefing from the Government and from the defendants in this case, not from others. Nonetheless, because Petitioners have submitted a letter expressing opinions on matters that could affect CONCACAF, a brief response is appropriate. CONCACAF has an interest in the finality of the convictions of Petitioners and other related defendants who victimized CONCACAF because CONCACAF—through the World Football Remission Fund—has received and put to good use millions of dollars in forfeited funds remitted by the Government, which Petitioners appear to be attempting to reclaim through their coram nobis petitions.

As an initial matter, CONCACAF takes no position on the Government's motion to dismiss the indictment as to the two defendants in this case. CONCACAF disagrees, however, with several of the positions taken by Petitioners as to how the Government's discretionary decision to discontinue its prosecution in this case affects the settled convictions of Petitioners and other related defendants.

*First*, while all parties seem to agree that the Supreme Court's order vacating the Second Circuit's decision in this case means that the decision is no longer binding upon this Court, that is all the Supreme Court's order means. The decision still reflects the latest thinking of the Second Circuit and is available to be considered as persuasive precedent based on its reasoning, akin to how this Court could consider the non-binding decisions of other circuits. Indeed, Petitioners' own citation of *Brown v. Kelly* supports the position that the Second Circuit's vacated decision remains persuasive authority. *See Brown v. Kelly*, 609 F.3d 467, 476-77 (2d Cir. 2010) (finding that although the Supreme Court's vacatur of a prior decision rendered that

# SIDLEY

April 6, 2026
Page 2

decision "not technically binding," the court would "nonetheless treat [the prior decision] as persuasive authority"). There has been no confession of error by the Government, and Petitioners' and Defendants' attempt to read the Government's decision to discontinue this one prosecution as standing for the proposition that both the Supreme Court and the Government disagree with the Second Circuit's reasoning is unfounded speculation.

*Second*, Petitioners contend in a footnote that CONCACAF is a "foreign" entity to which no duty of honest services could be owed under 18 U.S.C. § 1346. CONCACAF disagrees that it is a foreign entity that is owed no duty of honest services under American law. CONCACAF has long been headquartered in the United States—first in New York and then in Miami—conducts its operations here, and is registered to do business in Florida. Its domestic presence and operations distinguish it from the foreign confederations at issue in the Court's original acquittal decision.

*Third*, CONCACAF disagrees with Petitioners' assertion that any decision in this case can be broadly applied to other defendants. As the Government has observed, defendants in the broader case were charged under multiple theories, including both honest services fraud and money-or-property fraud, and defendants who pleaded guilty allocuted to facts rather than to a particular legal theory. Many defendants also pleaded guilty to, or were convicted of, offenses that do not depend on the honest services fraud statute at all. The validity of those convictions is not called into question by the Government's discretionary decision to dismiss the Lopez and Full Play prosecution, and the Court should not treat these other, settled convictions as though they rise or fall with a single legal theory.

*Fourth*, Petitioners assert that if their coram nobis petitions are granted, all fines, forfeiture, and restitution must be unwound and the funds returned. That is not true. Coram nobis exists to relieve petitioners, where appropriate, of the *continuing* consequences of a conviction, and financial penalties that have already been paid do not qualify. *See*, *e.g.*, *Porcelli v. United States*, 2001 WL 34894717, at *4 (E.D.N.Y. 2001) ("As the past payment in full of Porcelli's fine in this case does not present a continuing collateral consequence of Porcelli's conviction, the fine does not give this Court coram nobis jurisdiction."); *Slaine v. United States*, 2018 WL 8737886, at *5 (S.D.N.Y. 2018) (because "monies … surrendered as a result of the forfeiture, fine, and special assessment ordered in this case … have been paid in full and Petitioner has no outstanding obligations with respect to any of them, those obligations do not constitute 'continuing' consequences of his conviction") (internal citation omitted). If Petitioners are suffering from some continuing consequence that warrants coram nobis relief, Petitioners might conceivably receive relief as to that continuing consequence, but they may not bootstrap to it relief from a consequence that has already occurred and that could not itself be a basis for a grant of coram nobis. Petitioners' reliance in their petitions on cases in which the issue was not presented because the Government volunteered to return the money, *see*, *e.g.*, *United States v. Mandel*, 862 F.2d 1067, 1075 n.13 (4th Cir. 1988) ("[t]he propriety of the court's order requiring the return of any fines paid in connection with these convictions is not at issue in this case

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

April 6, 2026
Page 3

because the government has stipulated" to returning the money), or on cases in the doctrinally distinct abatement context, *see*, *e.g.*, *United States v. Brooks*, 872 F.3d 78, 88 (2d Cir. 2017), do not support a different result. This is particularly so because the funds forfeited by various defendants in these cases have already been distributed by the DOJ to the World Football Remission Fund, and have in significant part already been put to their intended use, funding youth development, women's football, and community programs across the Western Hemisphere. The Fund was established in cooperation with the DOJ, and has distributed the proceeds in accordance with conditions imposed by the DOJ. Unwinding that process as a consequence of the issue currently before the Court falls well outside anything contemplated by the Government's motion to dismiss the indictment as to two defendants in this case.

*Fifth*, Petitioners suggest that the Crime Victims' Rights Act does not apply because, in their view, the underlying conduct was not a federal crime and there are therefore no victims. That position presupposes the very relief Petitioners seek. As matters stand, there are final, settled convictions—convictions to which the Petitioners themselves pleaded guilty or of which they were found guilty at trial. Those convictions establish the commission of federal offenses, and CONCACAF has been recognized by both the DOJ and this Court as a victim of those offenses. Any attempt by Petitioners or others to undo those convictions plainly implicates the rights of the victims whom the Court has already identified, and the CVRA ensures that those victims should be heard before any such relief is granted.

In conclusion, CONCACAF recognizes that this proceeding—the Government's motion to dismiss the indictment as to Lopez and Full Play—is not the appropriate forum for full briefing on the issues raised by Petitioners' coram nobis petitions. Accordingly, like Petitioners, CONCACAF has not attempted to provide that briefing here. CONCACAF merely requests that, should the Court take up Petitioners' individual coram nobis petitions or any other proceedings that may affect the finality of other defendants' convictions or the validity of the forfeiture and remission orders on which CONCACAF has relied, CONCACAF be afforded the opportunity to be heard.

Respectfully submitted,

*Michael Levy*

Michael A. Levy

cc: All counsel of record (by ECF)

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.