# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**H. Christopher Boehning**
**Direct Dial:** +1 212 373 3061
**Email:** cboehning@paulweiss.com

May 13, 2026

**BY ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: *United States* v. *Lopez, et al.*, No. 15-cr-252 (PKC)
> FIFA's Response to the Court's April 17, 2026 Order

Dear Judge Chen,

We write on behalf of Fédération Internationale de Football Association ("FIFA") in response to the Court's April 17, 2026 scheduling order permitting victims to respond to the Government's motion to dismiss the indictments against Hernan Lopez and Full Play, including by addressing seven questions this Court had previously raised.

FIFA takes no position with respect to the Court's first and second questions about the standard for dismissal under Rule 48(a) and why dismissal of Mr. Lopez's and Full Play's indictments is appropriate. FIFA respects the Government's decision on this matter. FIFA has worked in close cooperation with the Department of Justice in its efforts to root out corruption in football. Indeed, the current FIFA administration has taken disciplinary action—including, in many cases, lifetime bans from all football-related activities—to address the misconduct uncovered by the Department of Justice.

FIFA notes that, thanks to the Department of Justice's efforts, the Government has remitted $201.7 million to FIFA, CONCACAF, and CONMEBOL through the World Football Remission Fund (the "WFRF"), a fund established in consultation with the Government under the auspices of the FIFA Foundation for the purpose of disbursing remission funds to support football-related projects with positive community impact across the globe. To date, the WFRF has spent or allocated over $166 million in funds on more than 60 projects, including projects that: (i) establish afterschool football leagues in high-poverty urban

neighborhoods in Miami; (ii) invest in new or refurbished community football fields in Ohio, Tennessee, and Washington, D.C.; (iii) establish training programs for school teachers and coaches to improve physical-education curricula in numerous locations across the Caribbean; and (iv) host children's football tournaments in South America.

With respect to the Court's third question—the extent to which it may consider the Second Circuit's reasoning in *United States* v. *Lopez*, 143 F.4th 99 (2d Cir. 2025), despite the Supreme Court's vacatur of that decision—FIFA agrees with the Government that the decision no longer binds this Court but may serve as "persuasive authority." *Brown* v. *Kelly*, 609 F.3d 467, 477 (2d Cir. 2010); *see also* March 12, 2026 Letter from the United States at 3, Dkt. 2076.

The Court's fourth question asks what, if any, impact the Government's discretionary decision to dismiss Mr. Lopez's and Full Play's indictments has on the convictions of other defendants. FIFA agrees with the Government that dismissals of those indictments would have no direct effect on the convictions of other defendants. For example, as the Government explains, "[e]very other defendant charged in the 15-CR-252 indictment has his own particular facts and circumstances" bearing on the validity of his conviction. March 12, 2026 Letter from the United States at 3, Dkt. 2076; *see also* April 6, 2026 Letter from CONCACAF at 2, Dkt. 2092.[1]

The Court's fifth question concerns what, if any, impact the dismissal of Mr. Lopez's and Full Play's indictments has "on restitution paid to victims and forfeiture paid to the Government or restored or remitted to victims by other defendants." Again, the answer is none. Mr. Lopez and Full Play were not sentenced, and neither has paid any money to the Government as the result of a conviction. FIFA respectfully submits that any effort by other defendants to seek to claw back funds that were paid to the Government is not presently before this Court. To the extent this issue arises in the future, FIFA requests the opportunity to be heard in that context.

For present purposes, FIFA notes that any effort by another defendant to claw back funds from the Government would face significant impediments (even assuming that defendant could obtain vacatur of a final conviction). Although a defendant whose conviction is vacated may be entitled to the refund of money in the Government's possession, *see Nelson* v. *Colorado*, 581 U.S. 128, 130 (2017), the Government is neither obligated nor able to return funds that it obtained as part of the prosecution but has already transferred to a victim, *see*

---

[1] Other defendants seeking to vacate their convictions are likely to face obstacles in doing so. Defendants who have already pleaded guilty and have final convictions may have waived their rights to collateral attack in their plea agreements. For the defendants awaiting sentencing, it is similarly unclear how dismissal of Mr. Lopez's and Full Play's indictments, in the absence of any intervening change in law, provides "a fair and just reason" for the withdrawal of their guilty pleas as required under the "stringent" standard of Federal Rule of Criminal Procedure 11(d)(2). *United States* v. *Doe*, 537 F.3d 204, 210, 211 (2d Cir. 2008).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                    3

*United States* v. *Hayes*, 385 F.3d 1226, 1230 (9th Cir. 2004), or deposited into the U.S. Treasury, *see Knote* v. *United States*, 95 U.S. 149, 152 (1877).  Nor does this Court even have jurisdiction over the remission award to FIFA, CONCACAF, and CONMEBOL, as that award was made at the discretion of the Department of Justice in 2021.  *See McCarthy* v. *Martinelli*, No. 22-cv-7359, 2023 WL 385405, at *3 (E.D.N.Y. Jan. 11, 2023) ("Because the Attorney General has sole responsibility for disposing of petitions for remission, it is not clear that there is a basis for judicial intervention in that process." (internal quotation marks and citation omitted)); *In re SS Body Armor I, Inc.*, 615 B.R. 540, 547 (Bankr. D. Del. 2020) (concluding with respect to a remission award that "this Court and the EDNY District Court are without authority to review what Congress put squarely in the discretion of the DOJ, and here, MLARS").

As to the Court's sixth question about the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, FIFA agrees with the Government that FIFA is a "crime victim" under the CVRA and thus has a right "not to be excluded from any such public court proceeding."  18 U.S.C. § 3771(a)(3); *see* March 12, 2026 Letter from the United States at 4, Dkt. 2076; *see also United States* v. *Rubin*, 558 F. Supp. 2d 411, 418 (E.D.N.Y. 2008) ("[A]ny person whom the government asserts was harmed by conduct attributed to a defendant, as well as any person who self-identifies as such, enjoys all of the procedural and substantive rights" of the CVRA (quoting *United States* v. *Turner*, 367 F. Supp. 2d 319, 327 (E.D.N.Y. 2005)); *accord* April 6, 2026 Letter from CONCACAF at 3, Dkt. 2092.  FIFA's right under the CVRA not to be excluded extends to these proceedings, which specifically concern a case in which FIFA is a victim.

Finally, FIFA does not here address arguments raised by four defendants who submitted a letter related to their pending *coram nobis* petitions, *see* March 19 Letter from Coram Nobis Petitioners, Dkt. 2089, which have not been fully briefed and are not ripe for adjudication by the Court, *see* April 28, 2026 Letter from the United States at 1, Dkt. 2094.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                              4

FIFA respectfully requests the opportunity to be heard should this Court later take up arguments regarding those petitions in the context of full briefing by the Government and those defendants.

Respectfully submitted,

*/s/ H. Christopher Boehning*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
H. Christopher Boehning
David K. Kessler
Ethan C. Stern
Joshua A. Altman
Claire Lisker
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.:  212 373-3000

*Attorneys for Fédération Internationale de Football Association*