# Ballard Spahr
LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1675 Broadway, 19th Floor
New York, NY 10019-5820

TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

James A. Mitchell
Tel: 646.346.8006
Fax: 212.223.1942
mitchellj@ballardspahr.com

May 13, 2026

***BY ECF***

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**      <u>**United States v. Webb, et al., 15 Cr. 252 (PKC)**</u>

Dear Judge Chen:

We write on behalf of defendants Jose Maria Marin and Juan Ángel Napout pursuant to Your Honor's Order of April 17, 2026 permitting additional submissions on behalf of the *coram nobis* Petitioners in the above-referenced matter. We understand that the Court will address the *coram nobis* Petitions and order a briefing schedule on those pending Petitions after the Court's resolution of the government's current motion to dismiss the indictment in the *Lopez/Full Play* matter, and we will address any issues pertinent to those Petitions as part of that briefing schedule. Nevertheless, we write to address certain points raised by CONCACAF's April 6, 2026 letter to the Court concerning questions initially asked by Your Honor in the Court's January 30, 2026 Order in this case.

First, CONCACAF asserts that, while the Second Circuit's decision in this case was vacated by the Supreme Court, the reasoning in that decision should remain as "persuasive precedent" to this Court. CONCACAF further writes that the case initially cited by *coram nobis* Petitioners in its March 19, 2026 correspondence, *Brown v. Kelly*, 609 F.3d 467, 476-77 (2d. Cir. 2010), supposedly supports that point. Respectfully, that argument misses the point. *Brown* involved a class action lawsuit brought on behalf of prisoners concerning the alleged unconstitutionality of certain police practices. The *Brown* court looked to an earlier Second Circuit decision, *Marcera v. Chinlund*, 595 F.2d 1231 (2d. Cir.), *vacated on other grounds sub nom. Lombard v. Marcera*, 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979), as persuasive authority on an issue the *Brown* court was addressing (concerning class certification), notwithstanding the Supreme Court's subsequent vacatur of *Marcera*. However, it did so only because the Supreme Court's vacatur was based on an issue entirely distinct from that which the *Brown* court looked to as persuasive. In short, that Supreme Court vacatur had nothing to do with the class certification dispute at issue in *Brown*, so it made sense for the Circuit to look to the earlier decision as persuasive authority.

Respectfully, the situation here is quite different. The Supreme Court vacated the Second Circuit's decision in *Lopez/Full Play* and remanded it back to the lower court "in light of the

The Honorable Pamela K. Chen
May 13, 2026
Page 2

[government's] pending motion to dismiss the indictment" before this Court.  The government's December 9, 2025 motion to dismiss was based on the government's determination that dismissal was "in the interests of justice."  Plainly, in the context of the *Lopez/Full Play* case and Your Honor's Rule 29 decision acquitting the defendants there, the reference to "interests of justice" could mean only one thing – that the conduct of conviction in those cases did not represent a crime. Disagreement with that very issue is what led to the Second Circuit's reversal of the Rule 29 decision and was thus the issue also underlying the Supreme Court vacatur.  In short, unlike in *Brown*, the Supreme Court's decision to vacate in *Lopez/Full Play* is clearly related to the Second Circuit's reasoning in this case, and thus this Court should not consider the Second Circuit's decision to have any persuasive authority.

As for CONCACAF's second point concerning that organization's status as a foreign entity and any resulting duty of honest services, that issue is not relevant to Petitioners Marin and Napout, neither of whom were employees of that organization or owed any duties to CONCACAF.  They were affiliated with CONMEBOL.

CONCACAF's third point also has no bearing on Petitioners Marin and Napout.  As discussed in their original *coram nobis* Petitions, each was convicted of wire fraud conspiracies based solely on theories of honest services fraud that this Court has ruled do not constitute crimes in the United States.  And those same convictions also could not serve as valid predicates for the RICO conspiracy of which they were convicted, or of the money laundering conspiracies of which Mr. Marin was convicted.

CONCACAF's fourth point conflates the *coram nobis* requirement of a continuing consequence of conviction with the appropriate remedy should the Petitions be granted.  Only after a *coram nobis* petition has been granted (based on, among other elements, continuing consequences of conviction) should the Court turn to what remedy is appropriate and how to implement it.  Accordingly, what CONCACAF has done with any restitution monies paid to it to date (and any process by which it could be unwound) should be left for another day. We further strongly disagree with CONCACAF's position that financial penalties cannot be considered continuing consequences and will address that issue in the context of the Petitions.

Finally, as to CONCACAF's fifth point concerning the application of the **Crime** Victims' Rights Act, Petitioners do not "presuppose" the relief they seek.  In light of Your Honor's Rule 29 determination that foreign commercial bribery is not a crime under United States law and given that Mr. Marin and Mr. Napout were convicted solely on the honest services wire fraud theory, the Court's decision dictates that there cannot be a victim with respect to the charges against them.

Thank you for your attention to this matter.  We are, of course, prepared to address any questions Your Honor may have at the May 27 hearing in this matter.

Respectfully submitted,

/s/ *James A. Mitchell*

James A. Mitchell

cc:    All Counsel of Record (via ECF)