

Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

May 13, 2026

**By ECF**

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **United States v. Webb et al., 15-252 (PKC)**
*Letter of Coram Nobis Petitioner Alfredo Hawit in Response to the Court's January 30, 2026 Order to the Government and Hernan Lopez*

Dear Judge Chen:

We respectfully submit this letter on behalf of our client Alfredo Hawit, who is one of the *coram nobis* petitioners in this case. (ECF 2037). On behalf of petitioner Hawit, we join in the letter submitted by Ballard Spahr on behalf of *coram nobis* petitioners Napout and Marin. In addition, we briefly note two additional points.

*First*, unburdened by citation, CONCACAF's letter (ECF 2092) notes that it "disagrees" that CONCACAF is a foreign entity, but it completely ignores this Court's careful analysis compelling the very conclusion with which it disagrees, which we cited in our letter dated March 19, 2026 (ECF 2089). This Court's dismissal order explained in detail and at length (1) that prior caselaw had considered honest services fraud from four perspectives, one of which is "the source of the fiduciary duty," that *United States v. Full Play Group S.A.*, 690 F. Supp. 3d 5, 33 (Sept. 1, 2023), (2) that unlike earlier cases addressing other perspectives, like *Skilling* (the *type of conduct* (category two in this Court's analysis)) and *Bahel* (the *location of the bribery scheme* (category four in this Court's analysis)), *Percoco* addressed this Court's third category—the *source of the fiduciary duty*—and held that a mere smattering of pre-*McNally* caselaw is not sufficient to establish a clearly defined duty of honest services, *id.* at 36, and (3) there was not even a smattering of pre-*McNally* caselaw to permit locating a *source of a fiduciary duty* in a "foreign employment relationship, *id.* at 37-39. Indeed, although this Court noted in a footnote that *Percoco* may not have overruled *Bahel*, (which involved bribery of an employee of the U.N. at its New York headquarters), *id.* at 39 n.32, it did so based on *Bahel*'s citation of an earlier Second-Circuit case—*United States v. Hasenstab*, 257 F.2d 1035 (2d Cir. 1978). But *Hasenstab* involved New York-based bribery of an employee of Pan American World Airways, Inc., a New York corporation headquartered in New York, and therefore cannot provide the clarity *Percoco* requires to establish the *source of a fiduciary duty* in a Bahamian non-profit entity legally domiciled in the Bahamas, regardless of whether



it was variously headquartered in New York, Miami, or the Caribbean. For purposes of a CONCACAF and the *source of fiduciary duty*, there can be no clarity (as required by *Percoco*) that CONCACAF was, as it claims, a "domestic" entity.

*Second*, our *coram nobis* petition anticipated and refuted CONCACAF's claim that Mr. Hawit's plea to an obstruction count somehow precludes *coram nobis* relief here, and we respectfully invite the Court to the petition for that explanation. In any event, as our *coram nobis* petition explained, even if the obstruction count were not vacated along with the invalid other counts of conviction, the forfeiture judgment would still be invalid because it is predicated only on the wire fraud and RICO convictions.

Respectfully submitted,

Justin S. Weddle