**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KTF/VAZ/EWS
F. #2026R00581

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 14, 2026

**TO BE FILED UNDER SEAL**

By ECF & E-mail

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Hugo Jinkis & Mariano Jinkis
Criminal Docket No. 15-252 (S-3) (PKC)

Dear Judge Chen:

On behalf of the parties, the government respectfully submits this letter under seal to jointly request that the Court schedule an appearance at 10:30 a.m. on Thursday, August 27, 2026, to address with this Court a resolution of the charges against the defendants, who currently reside abroad. The parties further request that the scheduling order be sealed until further order of the Court.

As further explained below, the government anticipates that, at the appearance, (1) the defendants will waive their right to grand jury indictment; (2) the government will seek to file the attached Fourth Superseding Information; (3) if the Court grants the request, the defendants will be arraigned on the Fourth Superseding Information; (4) the Court will ensure that the defendants knowingly and voluntarily entered in the attached deferred prosecution agreements ("DPAs") with the government; (5) the defendants will agree to an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(2), pursuant to those DPAs; and (6) the parties will jointly request release on a pretrial bond.

The government anticipates that, because it will be the defendants' first appearance in the above-referenced matter, they will be sworn in, waive their right to a grand jury indictment, and be arraigned on the charge against them in the Fourth Superseding Information. The government anticipates that each of the defendants will enter a plea of not guilty to the charge.

The government will make a motion to the Court to exclude time under the Speedy Trial Act, pursuant to the terms of the DPAs. See United States v. HSBC Bank USA, N.A., 863 F.3d 125, 138 (2d Cir. 2017) (holding that Speedy Trial Act "authorizes courts to determine that a DPA is bona fide before granting a speedy trial waiver—that is, that the DPA in question is genuinely intended to 'allow[] the defendant to demonstrate his good conduct,' and does not constitute a disguised effort to circumvent the speedy trial clock" (quoting 18 U.S.C. § 3161(h)(2))). At the appearance, the government will orally give reasons why it believes the DPAs are bona fide, including because the DPAs hold the defendants accountable for their criminal conduct, including through admissions set forth in the Statement of Facts, and allow the defendants to demonstrate good conduct consistent with the terms of the DPA.

The government also will request that the Court inquire of each defendant, under oath, and of defense counsel as to their understanding of the terms of the defendant's DPA, and to his knowing and voluntary agreement to enter into his DPA, exclude time under the Speedy Trial Act, and waive any applicable statute of limitations as set forth in ¶¶ 18 and 28 to 30 of his DPA.

In particular, each DPA contains a 10-page agreed-upon Statement of Facts concerning the respective defendant's conduct related to the charged offense. The government respectfully requests that the Court asks each defendant the following questions regarding his Statement of Facts:

1. Have you reviewed the entire Statement of Facts with the assistance of a Spanish interpreter?

2. Have you reviewed the entire Statement of Facts with your U.S. legal counsel and asked any questions you might have?

3. Have all of your questions about the Statement of Facts been answered?

4. Do you understand every statement set forth in the Statements of Facts?

5. Is every statement set forth in the Statement of Facts true and accurate?

6. Do you disagree with any statement set forth in the Statement of Facts?

The parties will then recommend the defendants' pretrial release on a personal recognizance bond, subject to the conditions set forth in the DPAs.

The parties thank the Court for its consideration. The government will later file on the public docket this letter (without the full attachments) and a portion of the attachments, in a manner consistent with the Court's decision on the parties' August 14, 2026 sealing request.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Kaitlin T. Farrell
Victor Zapana
Eric Silverberg
Assistant U.S. Attorneys
(718) 254-7000

Attachments (Filed Under Seal)

cc: Clerk of Court (PKC) (by E-mail)
Counsel of Record (by E-mail)